### HILLIARD *v.* THE STATE.

HAWKINS, Justice. The plaintiff in error entered a plea of guilty to an accusation in the City Court of Lexington, Oglethorpe County, Georgia, charging him with a misdemeanor for personally having in his possession apparatus usable for the distilling and manufacturing of alcoholic, spirituous, vinous, and malt liquors and beverages, and was sentenced by the trial judge to pay a fine of one thousand dollars, serve six months in jail, and twelve months on public works camp; provided, however, that upon the payment of the fine, the jail sentence would be ineffective. A motion was made to allow the defendant to withdraw his plea of guilty and enter a plea of not guilty, after which his counsel presented his motion to arrest the judgment, which was later amended, and the exception is to the order of the trial court denying these motions.

In this case there is no attack upon the constitutionality of any statute. In the motion to arrest judgment the movant contends that the sentence of the court was violative of article VIII of the Constitution of the United States, and of article I, paragraph IX of the Constitution of Georgia, in that it imposes an excessive fine and prescribes cruel, unusual, and inhumane punishment to be inflicted under the facts alleged in the accusation. The bill of exceptions recites: "(1) That said sentence is violative of article VIII of the Constitution of the United States; (2) that said sentence is violative of article I, paragraph IX of the Constitution of the State of Georgia." *Held:*

1. The provisions of the Constitution defining the jurisdiction of the Supreme Court (Code, Ann., § 2-3704) do not confer upon this court jurisdiction in cases involving misdemeanor offenses, unmixed with equitable or constitutional questions, and the Court of Appeals is given jurisdiction as an appellate court in all cases in which the jurisdiction has not been conferred by the Constitution upon the Supreme Court. Code (Ann.), § 2-3708. See also *Lunsford* v. *State,* 187 *Ga.* 162, 163 (3, 4) (199 S. E. 808).

2. "Jurisdiction is not vested in the Supreme Court merely because it is contended that an action or judgment is or would be contrary to some provision of the Constitution. The instant case does not present any question of construction, but involves only the applicability of plain and unambiguous constitutional provisions. This alone does not confer

jurisdiction upon the Supreme Court. Nor does the case otherwise fall within the jurisdiction of this court." *City of Waycross* v. *Harrell,* 186 *Ga.* 833, 834 (199 S. E. 119).

*Transferred to the Court of Appeals. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18085. ARGUED JANUARY 13, 1953—DECIDED JANUARY 13, 1953.

*Fred A. Gillen,* for plaintiff in error.
*E. P. Shull, Solicitor,* contra.

*Transferred to the Court of Appeals. All the Justices concur, except Atkinson, P. J., not participating.*