## 40487. KIMBELL v. THE STATE.

GREGORY, Justice.

In May 1969 the victim, the proprietor of a Spalding County flower shop, was shot while mowing the lawn in back of his business establishment. Moments later, the victim's employees observed the defendant, James Smith Kimbell, walk between two apartments which adjoined the victim's shop, place a "shotgun or rifle" next to a tree and enter his mother's nearby home. Police officers arrived within minutes of the shooting. Before the victim's employee could relate his observations to police, the defendant approached one of the officers. When the officer inquired, "What's going on here?", the defendant responded, "I'm the one that shot Mr. Pitts." The defendant then requested that he be removed from the premises so that the victim's wife would not see him. Police officers advised the defendant of his rights under Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966) and took him into custody. During custodial questioning the defendant stated he had shot the victim because the victim had allowed his wife to dominate him. The defendant expressed his belief that no man should be dominated by

a woman.

The defendant subsequently filed a plea of mental incompetency to stand trial and was found by a special jury to be incompetent to stand trial. See OCGA § 17-7-130 (Code Ann. § 27-1502). The defendant was committed to Central State Hospital. Upon his release, the defendant was brought to trial. In August 1976, the defendant was convicted of murder and sentenced to life imprisonment. This appeal followed the denial in October 1983[1] of defendant's amended motion for new trial.

1. The defendant argues the trial court erred in admitting his statement to police officers that he shot the victim. The record conclusively shows the defendant was neither a suspect in the case nor in custody at the time he made this statement. He maintains the trial court should have excluded this statement on the ground that he was insane at the time he made it.

We agree with the United States Supreme Court that "in the present stage of our civilization a most basic sense of justice is affronted by the spectacle of incarcerating a human being upon the basis of a statement he made while insane . . ." Blackburn v. Alabama, 361 U. S. 199, 207 (80 SC 274, 4 LE2d 242) (1960). In this state public policy dictates that "persons who do not have the use of reason . . . shall be incompetent witnesses." OCGA § 24-9-5 (Code Ann. § 38-1607). Under the authority of Blackburn v. Alabama, supra, defendant objected to the admission of his statement, maintaining that when the defense presented its case it would offer the opinions of two psychiatrists that the defendant was insane at the time of the commission of the crime, and, as a corollary, at the time he made the incriminating statement. The trial judge was faced with an objection to the admissibility of evidence. On request, it would have been proper for the court to hear evidence outside the presence of the jury on the issue of defendant's sanity at the time the statement was made. However, the defendant offered no evidence, contemporaneous with his objection, from which the trial court could have determined the defendant was insane at the time he made the challenged statement. Only after the State rested its case did the defense offer any evidence bearing on defendant's sanity at the time he made the statement. Nor was a motion to strike the statement made following this testimony. We also point out that the jury rejected the defendant's defense of insanity. Given these circumstances, we cannot say the trial court

---

[1] A motion for new trial was filed on August 3, 1976. This motion was amended on January 21, 1977 and again on September 21, 1983. The amended motion for new trial was denied on October 5, 1983. The case was docketed in this court on October 27, 1983.

erred in admitting the defendant's statement.

2. The defendant now complains the trial court erred in not conducting a hearing on the voluntariness of his statement, citing *Jackson v. Denno,* 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). Voluntariness is a question separate from the issue of whether the defendant's statement is inadmissible because made during a period of insanity. The record shows without question that defense counsel twice declined the trial court's offer to conduct a Jackson v. Denno hearing, stating that "I don't think the Jackson hearing would really be appropriate." Rather defense counsel clearly focused his objection to the admissibility of the defendant's statement on his client's mental condition at the time the statement was made. There is no constitutional requirement that the trial court conduct, *sua sponte,* a Jackson v. Denno hearing on voluntariness absent a contemporaneous challenge to the admission of the accused's incriminating statement on this ground. *Hudson v. State,* 250 Ga. 479, 485 (299 SE2d 531) (1983). We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 31, 1984.

*August F. Siemon III,* for appellant.

*Johnny L. Caldwell, Jr., District Attorney, Paschal A. English, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Staff Assistant Attorney General,* for appellee.