## 42900. NELMS v. THE STATE.
### (340 SE2d 1)

CLARKE, Justice.

Nelms was tried for the murder of his father; the jury found him guilty but mentally ill and he was sentenced to life imprisonment. On appeal he contends that his confession was not voluntary due to mental illness and that the evidence demanded a verdict of not guilty by reason of insanity. He also complains of an improper jury charge on the distinction between guilty but mentally ill and not guilty by reason of insanity. On review of the record we find no error and affirm.[1]

The evidence showed that Nelms had a history of mental illness and there were difficulties between him and his father. On the night of the killing an argument broke out in their home and the victim was stabbed with a screwdriver. The stab wounds totalled forty and death was caused by wounds through the chest cavity. The appellant was taken into custody at the scene.

At the Worth County jail the appellant was advised of his rights,

---

[1] The homicide occurred on January 26, 1985. A jury found Nelms competent to stand trial on August 13, 1985, and he was convicted of murder on August 16, 1985. A motion for new trial was filed on September 10, 1985; the transcript was certified and filed by the reporter on September 26, 1985. The motion for new trial was denied on October 14, 1985, and notice of appeal was filed October 31, 1985. The case was docketed in this court on November 13, 1985, and submitted for decision on December 27, 1985.

signed a waiver of rights and agreed to talk with the sheriff and the Sylvester Chief of Police. The appellant stated he would talk if another officer he did not know would leave the room. After the officers complied with this request, he gave a statement explaining how he stabbed his father and then cleaned up the blood.

1. The appellant contends the statement should have been excluded because due to his mental incapacity he was not capable of a voluntary confession. The crime occurred on January 26, 1985. On January 30, 1985, Nelms was transferred to Central State Hospital where he remained for treatment until March 21, 1985. He was treated and evaluated by Dr. Robert Varner who admitted him. Dr. Varner testified that when Nelms was admitted, four days after the homicide, he was in an extreme psychotic state, irrational and incapable of making intelligent decisions. He stated that in his opinion it was highly unlikely that he could have been in a competent state four days earlier. On questioning by the state he testified that it was possible for someone psychotic to have periods of understanding and to be able to answer questions and tell the truth.

The sheriff and police chief who took the statement testified that they had known Nelms for over ten years and knew of his history of mental problems. Each stated that Nelms was lucid, appeared in control and understood what was happening. After giving his statement about killing his father Nelms told the officers that he would not sign a written statement until he could talk with a lawyer.

This evidence was before the court at the *Jackson v. Denno* hearing and the court found that even though Nelms suffered from mental illness that he was able to understand his circumstances and surroundings at the time of his confession and that the statement was made knowingly and voluntarily.

A confession made when the defendant is insane and incompetent is not free and voluntary and is not admissible. *Blackburn v. Alabama*, 361 U. S. 199 (80 SC 274, 4 LE2d 242) (1960). However, even a mentally ill person can be at times competent enough to give a voluntary confession. *Blackburn*, supra. *Kimbell v. State*, 252 Ga. 65 (311 SE2d 465) (1984). In *Blackburn*, the court found no conflict in the evidence and held the evidence of insanity as compelling, thereby overruling the finding of the trial judge. On review, the finding of a trial judge will not be overturned unless clearly erroneous. *Jones v. State*, 245 Ga. 592 (266 SE2d 201) (1980). Under the facts of this case we cannot say the finding of voluntariness was clearly erroneous and therefore hold the confession admissible.

2. The appellant next contends that the verdict is not supported by the evidence and that the jury arbitrarily ignored the overwhelming evidence of insanity. He argues that *Brown v. State*, 250 Ga. 66 (295 SE2d 727) (1982), requires reversal. The test to be applied by

this court is "whether after reviewing the evidence in the light most favorable to the state, a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that he was insane at the time of the crime." *Brown*, supra at p. 71.

The defense presented the testimony of Dr. Varner, the psychiatrist at Central State Hospital who examined Nelms four days after the killing. He diagnosed Nelms as schizophrenic and in a psychotic state at the time of admission. Based upon his evaluations of Nelms during the time of hospitalization it was his opinion that Nelms did not know the difference between right and wrong at the time of the killing. He did concede that it was possible Nelms did know right from wrong on January 26, 1985, and stated that even a psychotic individual could be legally sane.

Dr. Joseph Houston, staff psychiatrist at Southwestern State Hospital, had Mr. Nelms as a patient in 1984. He testified that Nelms had been admitted to that facility on five occasions from 1979 to 1984. His diagnosis was also schizophrenia and he testified that Nelms had a degree of psychosis requiring constant medication and that if Nelms discontinued the prescribed medication he would deteriorate into a psychotic state. Dr. Houston testified that mental illness would affect the patient's ability to distinguish right from wrong.

The defense also presented the testimony of Loren Hildebrand, forensic services chief of Southwestern State Hospital. Hildebrand testified that he was called by the district attorney and evaluated Mr. Nelms on January 28, 1985, at the Worth County jail. On that occasion he found Mr. Nelms to be psychotic and delusional and recommended immediate transfer to Central State. In his opinion Nelms was extremely psychotic on January 28 and it would be difficult for an individual with his level of psychosis to distinguish right from wrong.

The witnesses for the state who had contact with Nelms on the night of the killing all testified that he was rational and aware of his surroundings although perhaps nervous.

The question before the jury at trial was not whether Nelms had killed his father but rather his mental state at the time of the killing. Did he know right from wrong? There is no question but that Nelms is mentally ill and suffered from schizophrenia for a number of years. However, the fact that a person is schizophrenic or suffers from a psychosis does not mean he meets the test of insanity requiring a verdict of not guilty on the basis of insanity. *Nelson v. State*, 254 Ga. 611 (331 SE2d 554) (1985). Defense experts testified that a psychotic individual could still distinguish right from wrong.

This is not a case in which the jury was called upon to decide between the expert and non-expert testimony on the question of insanity because the testimony of the doctor and the testimony of the officers do not entirely conflict. Although the experts expressed opin-

ion that the defendant was insane at the time of the act, on cross-examination, an expert said it was possible that the defendant could have known right from wrong at the time of the act. The non-expert witnesses simply provided information which the jury could consider in determining which possibility was the fact.

While the record shows that the defense proved Nelms was and is mentally ill, we find that under the test in *Brown v. State*, supra, a jury could have determined that Nelms did not prove he could not distinguish between right and wrong. Construing the evidence in a light most favorable to the verdict, a rational trier of fact could have found him guilty, but mentally ill, beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. We reject appellant's contention that the trial court failed to charge the jury sufficiently on the distinction between not guilty by reason of insanity and guilty but mentally ill. Our review shows the charge to be clear and complete on this issue, and fully meets the requirements set down in *Keener v. State*, 254 Ga. 699 (334 SE2d 175) (1985).

We hold that the evidence was sufficient, and the jury was given a correct charge on the complex issues before them.

*Judgment affirmed. All the Justices concur, except Hill, C. J., who dissents.*

HILL, Chief Justice, dissenting.

I respectfully dissent from Divisions 1 and 2 of the majority opinion and the judgment. See *Strickland v. Francis*, 738 F2d 1542, 1552 (11th Cir. 1984).

DECIDED FEBRUARY 28, 1986.

*L. Clark Landrum*, for appellant.

*David E. Perry, District Attorney, Michael J. Bowers, Attorney General*, for appellee.