### 43098. WHITE v. THE STATE.
(340 SE2d 611)

WELTNER, Justice.

White was indicted for the offense of murdering his brother, by shooting him with a shotgun. He waived trial by jury, and the trial court found him guilty but mentally ill, and sentenced him to life imprisonment. White contends that the evidence was insufficient to support his conviction and that it demanded a finding of not guilty by reason of insanity.

White and his mother lived with the victim and the victim's wife and child in the victim's home. The victim had asked a gas company to move a meter. When the company's work crew arrived and commenced work, White was awakened by their activities and demanded that they cease. The crew was leaving when the victim told them that

the house was his, and that he wanted the meter moved. White then picked up his shotgun and shot his brother, after which he came back into the house, took a kitchen knife, and stuck it into his own bedroom door. The victim's wife and one of the workmen saw White shoot the victim. The victim's wife then saw White stick the knife in the door.

White told the investigating officers that he had shot his brother because his brother had attacked him with the knife.

The officers testified at trial that White was calm and coherent after the homicide; that he did not do or say anything which would have led them to the conclusion that he was mentally ill. White presented evidence from family members of bizarre behavior, and the testimony of two experts who concluded that White did not understand the difference between right and wrong at the time of the homicide. During cross-examination of White's experts by the state, testimony was elicited that a person who suffered from the mental illness attributed by them to White could understand the difference between right and wrong at times.

"This is not a case in which the . . . [factfinder] was called upon to decide between the expert and non-expert testimony on the question of insanity because the testimony of the doctor and the testimony of the officers do not entirely conflict. Although the experts expressed opinion that the defendant was insane at the time of the act, on cross-examination, an expert said it was possible that the defendant could have known right from wrong . . . [at various times]. The non-expert witnesses simply provided information which the . . . [court] could consider in determining which possibility was the fact." *Nelms v. State*, 255 Ga. 473, 475 (340 SE2d 1) (1986). The findings of the trial court as to insanity and as to guilt are supported by the evidence. *Strozier v. State*, 254 Ga. 712 (334 SE2d 181) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 18, 1986.

*Virginia W. Tinkler*, for appellant.

*Robert E. Wilson*, District Attorney, *Madeline S. Griffin*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Eddie Snelling, Jr.*, Staff Assistant Attorney General, for appellee.