## 75897. TARVER v. THE STATE.
(368 SE2d 828)

BEASLEY, Judge.

Defendant appeals his convictions of armed robbery, OCGA § 16-8-41, and kidnapping, OCGA § 16-5-40.

1. Defendant contends the verdict was contrary to law because the evidence established that he lacked the necessary *mens rea* to be guilty of the offenses charged since at the time of their commission he was legally insane. OCGA § 16-3-2 provides: "A person shall not be found guilty of a crime if, at the time of the act . . . constituting the crime, the person did not have mental capacity to distinguish between right and wrong in relation to such act." OCGA § 17-7-131 specifies the procedure to be followed upon a plea of insanity "at the time of the crime."

Defendant urges that the evidence shows he was schizophrenic with self-destructive tendencies, which mental illness precluded the jury's finding anything other than he was insane or mentally incompetent at the time of the acts charged. His expert witness, a clinical forensic psychologist, stated that defendant suffered from schizophrenia and was unable to distinguish right from wrong. The State's expert witness, also a forensic psychologist, testified that defendant did know the difference between right and wrong despite his history of mental illness.

"Schizophrenia is a psychosis, but a psychosis is not the equivalent of insanity. . . . It is a mental illness. . . . [A] mere showing of a medical psychosis does not establish legal insanity." *Dennis v. State*, 170 Ga. App. 630 (2) (317 SE2d 874) (1984). This was approved in *Nelson v. State*, 254 Ga. 611, 613 (1) (331 SE2d 554) (1985), and *Wilson v. State*, 257 Ga. 444, 449 (11) (359 SE2d 891) (1987). The proper standard for appellate review of the sufficiency of evidence regarding a jury finding of sanity in a criminal case is "whether after reviewing the evidence in the light most favorable to the state, a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that he was insane at the time of the crime." *Brown v. State*, 250 Ga. 66, 71 (295 SE2d 727) (1982); *Nelms v. State*, 255 Ga. 473, 475 (2) (340 SE2d 1) (1986).

The expert testimony was conflicting on the issue of defendant's mental capacity, but several non-expert witnesses who were at the scene stated defendant acted in a manner indicating he could indeed distinguish between right and wrong. The primary function of the jury was to determine the weight of the evidence and credibility of the witnesses. A finding of sanity may be overturned only if the evidence of insanity is clear and overwhelming. *Brown*, supra. The proof in this case would not require a verdict of not guilty by reason of insanity under the applicable evidentiary test. *Salter v. State*, 257 Ga. 88, 89 (1) (356 SE2d 196) (1987).

2. Defendant contends a new trial should be granted because the State's expert witness gratuitously placed his character into evidence. During direct examination the witness was asked: "What about his [defendant's] past history, Doctor Lower? Did you consider that when you concluded what you did?" The witness responded: "Yes, we did. As I have mentioned, he's been with us at Central State Hospital on a number of occasions, most recently in 1980 and 1983. And he came to us from the prison system on both occasions. He was already in prison for something or other, and I did not —" At this point objection was interposed and motion for mistrial made. After argument outside the presence of the jury, the trial court overruled the motion. The jury returned and were instructed to disregard the testimony "as to defendant coming from prison twice." No further objection was made nor was the motion for mistrial renewed.

We do not reach the merits of the unsolicited interjection by the witness as to defendant's history of criminal behavior. The issue was not preserved for appellate review because following the curative instruction by the trial court, defendant failed to renew the motion for mistrial. *Fears v. State*, 174 Ga. App. 639, 640 (331 SE2d 49) (1985); *Fambro v. State*, 165 Ga. App. 445, 447 (4) (299 SE2d 114) (1983). See *Jackson v. State*, 248 Ga. 480, 483 (2) (284 SE2d 267) (1981).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED APRIL 25, 1988.

*H. Haywood Turner III*, for appellant.
*William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney*, for appellee.