## A89A0256. ROGERS v. THE STATE.

(383 SE2d 331)

McMURRAY, Presiding Judge.

Defendant Rogers appeals his conviction of the offense of aggravated assault (assault with intent to rape). *Held:*

1. Defendant's first enumeration of error contends "[t]he trial court erred in denying Defendant's motion for a directed verdict of acquittal. . . ." However, our review of the record and transcript fails to reveal any motion for directed verdict of acquittal by defendant. This court cannot consider matters raised for the first time on appeal. *Denton v. State,* 186 Ga. App. 864, 865 (3) (368 SE2d 811); *Mincey v. State,* 186 Ga. App. 839, 841 (4) (368 SE2d 796); *Buckner v. State,* 186 Ga. App. 376 (367 SE2d 277); *Smith v. State,* 186 Ga. App. 303, 311 (5) (367 SE2d 573). See also *Neel v. State,* 140 Ga. App. 691, 692 (3) (231 SE2d 394), overruled on other grounds, *Baker v. State,* 245 Ga. 657, 665 (5) (266 SE2d 477).

2. Defendant contends the trial court erred in sentencing him for presenting a defense rather than for the crime of which he was convicted. This contention is predicated on the trial court's comment during the sentencing hearing that a "goodly portion" of defendant's sentence was for his unsuccessful attempt (at trial) to incriminate the victim.

First, we note that the sentence imposed upon defendant of ten years was within the parameters prescribed by statute and thus ordinarily will not be reviewed by the appellate courts. *Monroe v. State,* 250 Ga. 30, 36 (7) (295 SE2d 512); *Stephens v. State,* 185 Ga. App. 546, 547 (3) (365 SE2d 136); *Pendleton v. State,* 184 Ga. App. 358, 360 (4) (361 SE2d 663). Additionally, we disagree with defendant's interpretation of the trial court's comment and do not view it as suggesting any punishment of defendant for exercising his right to present a defense. Instead, we view the trial court's remark as a comment that in sentencing defendant, the conduct and attitude of defendant as shown by the evidence developed at trial would be considered. "In determining what sentence to impose upon a defendant, a trial court may consider any evidence that was properly admitted during the guilt-innocence phase of the trial. *Dorsey v. Willis,* 242 Ga. 316 (249

SE2d 28) (1978)." *Boney v. Tims*, 254 Ga. 664, 665 (333 SE2d 592). See also *Hiers v. State*, 179 Ga. App. 181 (2) (345 SE2d 900). Also, in reaching the sentencing decision the trial court may also consider the conduct and attitude of defendant observed during trial. *Ingram v. State*, 134 Ga. App. 935, 939 (8), 940 (216 SE2d 608). This enumeration of error is without merit.

3. Defendant's final enumeration of error raises an issue as to ineffective assistance of trial counsel. Defendant's appellate counsel was retained following the filing of the notice of appeal. Thus, pursuant to *Smith v. State*, 255 Ga. 654 (341 SE2d 5), the case sub judice must be remanded to the trial court for a hearing concerning the claim of ineffective assistance of counsel. We affirm defendant's conviction and sentence and "remand the case to the trial court for a hearing and appropriate findings concerning only the issue of ineffectiveness of counsel. If, after that hearing, any further review of this issue is sought, the appropriate appellate procedure must be followed. See *Martin v. State*, 185 Ga. App. 145, 147 (363 SE2d 765) (1987)." *Dawson v. State*, 188 Ga. App. 378 (373 SE2d 857).

*Judgment affirmed as to conviction and sentence and case remanded with direction. Carley, C. J., and Beasley, J., concur.*

DECIDED MAY 22, 1989 —
REHEARING DENIED JUNE 8, 1989.

*David A. Cook*, for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.