A90A0848. ROGERS v. THE STATE.
(394 SE2d 116)

BIRDSONG, Judge.

Appellant, James Ora Rogers, appeals from the order of the superior court denying his motion for new trial on the grounds of ineffective assistance of counsel.

In *Rogers v. State*, 191 Ga. App. 855 (383 SE2d 331), this court affirmed the judgment of appellant's conviction of aggravated assault (assault with intent to rape) and sentence, and remanded the case to the trial court for a hearing and appropriate findings concerning only the issue of ineffective assistance of counsel. At the conclusion of the hearing on the issue of ineffective assistance, counsel for appellant moved for a new trial, and the trial court denied that motion without making any specific findings; however, inherent in the trial court's ruling was a finding of no reversible error due to ineffective assistance of counsel. *Held*:

1. We take judicial notice of the record and transcript, pertaining

to appellant, James Ora Rogers, in the case of *Rogers v. State*, 191 Ga. App. 855, supra, which is on file in this court. *Vann v. DeKalb County Bd. of Tax Assessors*, 186 Ga. App. 208, 213 (2) (367 SE2d 43); see *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107).

2. Appellant asserts that the trial court committed prejudicial error in holding that appellant did not suffer ineffective assistance of counsel at trial.

In *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674), the United States Supreme Court devised a two-step test to apply in the resolution of certain ineffective assistance of counsel claims, such as those before us.

Under the *Strickland* test, " ' " '[t]o establish that there has been actual ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. In order to prove the defense has been prejudiced, defendant must show there is a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional deficiencies. [Cits.]' " "The complaining defendant must make both showings. His failure 'to establish either the performance or the prejudice component results in denial of his Sixth Amendment claim.' [Cit.] A reviewing court need *not* 'address both components if the defendant makes an insufficient showing on one,' (cit.), nor must the components be addressed in any particular order. (Cit.)" ' " (Emphasis supplied.) *Thompson v. State*, 191 Ga. App. 906 (1) (383 SE2d 339); see *Young v. State*, 191 Ga. App. 651, 653 (382 SE2d 642).

Pretermitting the question whether appellant's trial defense counsel was deficient within the meaning of *Strickland* is the question whether there exists a reasonable probability that the outcome of appellant's case would have been different but for the performance of that counsel. *Thompson*, supra. Examining both the record and hearing transcript in the case sub judice and the record and transcript of case no. A89A0256 in their totality, we find that there exists no reasonable probability that the outcome of appellant's case would have been different within the meaning of *Strickland, Thompson*, and *Young*. In particular we note that none of the experts could testify that, at the time of the alleged act, appellant either was laboring under any delusional compulsion which overmastered his will to resist committing the crime, or that he lacked the mental capacity to distinguish right from wrong in relation to such act. See generally OCGA §§ 16-3-2; 16-3-3. The effect of this self-imposed limitation, by the experts, as to the scope of their testimony is relevant to the disposition of this issue, as " '[s]chizophrenia is a psychosis, but a psychosis is not the equivalent of insanity. . . .' " *Wilson v. State*, 257 Ga. 444, 449 (11) (f) (359 SE2d 891). The mere showing that a person suffers from

schizophrenia or some other psychosis does not establish legal insanity. *Nelms v. State*, 255 Ga. 473, 475 (2) (340 SE2d 1); *Tarver v. State*, 186 Ga. App. 905 (1) (368 SE2d 828).

Moreover, none of appellant's experts has testified that, at the time of trial, appellant could not intelligently participate in his own defense or that he could not understand the nature of the charges against him. See generally OCGA § 17-7-130; *Echols v. State*, 149 Ga. App. 620 (255 SE2d 92).

We also note that appellant conducted an active defense based on the legitimate theory that he had not assaulted the victim and that any touching of the victim had been consensual. Further, when asked at trial whether he had ever been treated for any mental problem other than a "spelling problem," appellant testified "[n]o, sir." Thus, the transcript of appellant's trial reflects that a definite trial strategy was being employed by the defense. "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. [Cit.] A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland*, supra at 689. Considering the posture of the evidence before us in this light, we find it all the more certain that appellant's enumeration of error is without merit.

3. Appellant asserts that he suffered ineffective assistance of counsel on appeal as his appellate counsel improperly framed enumeration of error no. 1, during the appeal of case no. A89A0256, resulting in this court's refusal to address the issue of sufficiency of the evidence. See generally *Rogers v. State*, 191 Ga. App. 855, supra. In the interests of judicial economy we elect to render this enumeration of error moot by reviewing the record and trial transcript of case no. A89A0256 for legal sufficiency.

Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 25, 1990.

McGuire, Cook & Martin, David A. Cook, for appellant.
Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney, for appellee.