A91A1907. PETER v. THE STATE.
(412 SE2d 628)

McMurray, Presiding Judge.
Defendant Peter was charged by indictment with the offenses of murder, felony murder, and aggravated assault. Following his conviction for the offenses of involuntary manslaughter and battery, defendant appeals. The sole enumeration of error complains of alleged prosecutorial misconduct in failing to present substantive evidence of defendant's innocence to the grand jury and by subornation of perjury by a grand jury witness. *Held*:

1. Defendant's motion to transfer his appeal to the Supreme Court of Georgia is denied. Contrary to defendant's assertion, the case sub·judice does not present any question of construction of the Constitutions of the United States or the State of Georgia, but involves only the applicability of plain and unambiguous constitutional provisions. Under these circumstances, jurisdiction is in this Court and not in the Supreme Court of Georgia. *Marchman v. State*, 232 Ga. 48 (205 SE2d 266); *Hilliard v. State*, 209 Ga. 497 (2) (74 SE2d 65).

2. The victim and defendant worked together at a car wash. The evidence at trial was in dispute as to the sequence of events which preceded defendant's striking a fatal blow to the victim with a broom or mop handle. The sole enumeration of error is concerned with the denial of defendant's motion to dismiss the indictment. Defendant's motion to dismiss the indictment was predicated on a contention that

the prosecution failed to inform the jury of exculpatory evidence. On appeal, defendant seeks to extend his position somewhat by arguing that the evidence presented in relation to this motion shows that the prosecution presented perjured testimony to the grand jury.

At a preliminary hearing before a magistrate, Detective Wiley of the City of Gainesville Police Department testified that a witness of the killing told him that the victim stated to the defendant "[g]o ahead and hit me." On the hearing of defendant's motion to dismiss the indictment, the only evidence was given by the assistant district attorney who had presented the case to the grand jury. The assistant district attorney stated that information that "the exculpatory information about who hit who first, and what went on out there, was in fact presented," including testimony that the victim had hit the defendant first. After the assistant district attorney made her statement in place, defense counsel was permitted to question her. The following exchange ensued: "[DEFENSE COUNSEL]: Did you tell them about the fact that, as you know, based on the testimony at the preliminary hearing, that [the victim] had been antagonizing [defendant] over several days, prior to this incident? [ASSISTANT DISTRICT ATTORNEY]: I was not a witness before the grand jury. I didn't tell them anything. [DEFENSE COUNSEL]: Through any witness, did you provide that information? [ASSISTANT DISTRICT ATTORNEY]: I asked Mr. Wiley if he had any information that, to use your language, out of your motion, that the victim was the aggressor. He responded, basically, that the — if you want to call what happened with the broom stick aggression, maybe. As to whether the victim challenged the defendant, I asked that question specifically to Mr. Wiley, and he said, not to his knowledge. COURT: These questions are not going to be a fishing expedition. They are going to be limited to specifically what is in the motion. [DEFENSE COUNSEL]: Then none of your witnesses told the grand jury that [the victim] had been pursuing [defendant], as you knew when you were in there, and that he had been calling him racial slurs and provoking him to violence."

Defendant contends that there is a conflict between the testimony of Wiley at the preliminary hearing and the account of his testimony before the grand jury as recounted by the assistant district attorney. From this perceived discrepancy defendant extrapolates that Wiley's testimony before the grand jury was perjury and that such perjury was suborned by the prosecutors. The hypothesis advanced by the defendant is simply not compelled by the evidence presented in the trial court. There is no indication that the term "challenge" as used by the assistant district attorney referred to the victim's invitation to defendant to hit him which was related by Wiley at the preliminary hearing. Considering the context in which the term was spoken, it is likely that the "challenge" of which Wiley had no knowledge

was a continuing pattern of antagonism by the victim toward defendant. In any event, the evidence in this regard does not conclusively support defendant and presents at most a question of fact for the trial court's resolution. The trial court's determination of the factual issue adversely to defendant is not clearly erroneous and therefore, will not be overturned by this Court. *Nelms v. State*, 255 Ga. 473, 474 (1) (340 SE2d 1); *Chastain v. State*, 196 Ga. App. 50, 51 (2), 52 (395 SE2d 570).

Similarly, defendant has failed to present any evidence that the State withheld any exculpatory evidence from the grand jury. We do not reach any issues concerning the State's responsibilities in the manner in which cases are presented to a grand jury. In the case sub judice, it is sufficient to note the failure of defendant to present an appropriate factual predicate for his contentions.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur specially.*

ANDREWS, Judge, concurring specially.

I would affirm on the sole ground that: "The rule in this state is: '(W)here . . . it appears that a competent witness or witnesses were sworn and examined before the grand jury by whom the indictment was preferred, a plea in abatement on the ground that it was found on insufficient evidence, or illegal evidence, or no evidence, will not be sustained, because it comes under the rule that no inquiry into the sufficiency or legality of the evidence is indulged. (*Felker v. State*, 252 Ga. 351, 366 (2 a) (314 SE2d 621) (1984) (quoting *Summers v. State*, 63 Ga. App. 445 (3) (11 SE2d 409) (1940)).)' " (Emphasis omitted.) *Isaacs v. State*, 259 Ga. 717, 720 (386 SE2d 316) (1989).

I am authorized to state that Chief Judge Sognier joins in this special concurrence.

DECIDED NOVEMBER 19, 1991.

*Watson & Watson, Herman A. Watson III*, for appellant.

*C. Andrew Fuller, District Attorney, Jessica K. Vaughn, Assistant District Attorney*, for appellee.