## A97A1293. HOWARD v. THE STATE.
(492 SE2d 759)

Judge Harold R. Banke.

Daniel Howard was convicted of rape and burglary. He enumerates eight errors on appeal, five of which challenge the sufficiency of the evidence and will be addressed collectively.

This case arose after Howard asked the 26-year-old victim, a mentally retarded woman, for a glass of water. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). Howard had been mowing a nearby lawn and observed the victim as she walked home from her aunt's house. The victim knew Howard from his acquain-

tance with her mother.

After the victim poured Howard some water and brought it to her back door, Howard pushed in through the doorway, forced the victim onto a chair, pulled down her undergarments, and raped her. The victim yelled and struggled until he left her alone. When the victim threatened to tell her mother, Howard gave her $90. The victim nevertheless telephoned her mother when Howard left and described what he did to her.

After making this tearful call, the victim insisted upon attending graduation ceremonies for the son of a friend, her "play mom." The victim's mother allowed this, and then notified law enforcement. A physician who subsequently examined the victim found her upset and in pain, at times sobbing inconsolably. He also discovered tears in her perineum and hymen and reported that before this attack, she had been a virgin. He found no evidence of seminal fluid. *Held*:

1. The evidence, viewed in the light most favorable to the State, was sufficient to permit the jury to find all the essential elements of the offenses. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The State established the essential elements of rape through the victim's testimony that Howard penetrated her against her will. OCGA § 16-6-1; *Hollis v. State*, 225 Ga. App. 370 (1) (484 SE2d 54) (1997) (rape requires proof of forcible and nonconsensual penetration of the female sex organ by the male sex organ). The physician's testimony that the lacerations in the victim's perineum could be due to forceful intercourse corroborated her statements.

Howard's arguments regarding the inconsistency between the victim's complaints of pain and her appearance at the graduation, the absence of semen, and the victim's purported unreliability all seek a reweighing of the evidence. This we cannot do. *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994).

The victim's testimony that Howard pushed his way into her home and immediately forced himself on her established the essential elements of burglary. OCGA § 16-7-1; *Hambrick v. State*, 174 Ga. App. 444, 446-447 (1) (330 SE2d 383) (1985) (the elements are: (1) entering into the dwelling house of another (2) without authority (3) with the intention of committing a felony).

2. We reject Howard's contention that admission of the victim's prior consistent statements was error. The victim's mother's testimony of her daughter's telephone call to her immediately after the rape was admissible as res gestae, as was the "play mom's" testimony that the victim stated that she had been raped by somebody named Howard. OCGA § 24-3-3; *Ayers v. City of Atlanta*, 221 Ga. App. 381, 382 (3) (471 SE2d 240) (1996). Howard's failure to object to the admission of corroborating testimony by the investigating officer

waived that claim of error. *Mobley v. State*, 218 Ga. App. 739, 741 (3) (463 SE2d 166) (1995). The record demonstrates that Howard's motion in limine on this issue was, given its broadest construction, limited to testimony of the victim's mother and the "play mom."

3. The evidence was sufficient to establish that Howard committed the similar transaction. The similar transaction witness clearly identified Howard as a maintenance worker at her apartment complex who often came to make repairs. She testified that two years earlier, while he was at her apartment working, Howard pushed her onto her bed and raped her. This evidence is sufficient to establish that Howard committed the rape for purposes of satisfying *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). *Howard v. State*, 220 Ga. App. 267, 269 (2) (469 SE2d 396) (1996); OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."); see *Mooney v. State*, 221 Ga. App. 420, 423 (1) (471 SE2d 904) (1996). Similar transactions need not result in convictions to be admissible. *Howard*, 220 Ga. App. at 269 (2).

4. Howard asserts that the trial court erred in admitting the similar transaction evidence without conducting a legal relevance balancing test.[1] The trial court was not required to conduct an on-the-record balancing test. *Fetterolf v. State*, 223 Ga. App. 744, 746 (3) (478 SE2d 889) (1996).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 10, 1997.

*Charles R. Floyd, Jr.*, for appellant.
*Paul L. Howard, Jr., District Attorney, Roosevelt Hamb, Jr., Juliette O. W. Scales, Assistant District Attorneys*, for appellee.

---

[1] The State's failure to address this issue is disappointing.