A97A2199. ROBERTS v. THE STATE.
(494 SE2d 689)

BLACKBURN, Judge.

James Dorsey Roberts was convicted of three counts of child molestation. The victim, his stepdaughter, who was twelve years old at the time of trial, testified that the molestation occurred from the time she was six years old until she was around eleven years old. Roberts appeals the denial of his motion for new trial, contending that he received ineffective assistance of counsel. For the reasons discussed below, we affirm.

"To prove an ineffective assistance of counsel claim, the defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency." *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996). See

also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." (Punctuation omitted.) *Cauley v. State*, 203 Ga. App. 299, 301 (2) (416 SE2d 575) (1992). "Review of counsel's performance . . . must be highly deferential; tactical decisions amount to ineffective assistance only if so patently unreasonable that no competent attorney would have chosen them." *Howard v. State*, 220 Ga. App. 267, 271 (4) (469 SE2d 396) (1996). "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990).

1. Roberts contends that trial counsel was deficient by failing to subpoena investigatory records of the Department of Family & Children Services (DFCS), which he claims would have shown that, in 1988 or 1989, the victim made a false allegation of molestation against him.

This enumeration is without merit for several reasons. As an initial matter, such investigatory records are confidential and not subject to direct subpoena by a defendant. See OCGA § 49-5-40 et seq. "The proper procedure for obtaining access to such records in cases such as the one at bar is to petition the trial court to subpoena the records and conduct an in camera inspection as to whether the records are necessary for determination of an issue before the court and are otherwise admissible under the rules of evidence. OCGA § 49-5-41 (a) (2); see *Ray v. Dept. of Human Resources*, 155 Ga. App. 81 (1) (270 SE2d 303) (1980)." *Davidson v. State*, 183 Ga. App. 557, 559 (4) (b) (359 SE2d 372) (1987).

Even if trial counsel had petitioned the court to subpoena such records, Roberts has not shown that such action would have changed the outcome of the trial. Roberts' appellate counsel sought to subpoena such records in connection with his motion for new trial. The trial court conducted an in camera review of the documents pursuant to OCGA § 49-5-41 (a) (2) and found that the documents contained no exculpatory material. Thus, even if trial counsel had petitioned the court to subpoena the DFCS records, it appears that the court would not have required production of the documents. Accordingly, Roberts has not carried his burden of showing that the result of the trial would have been different had trial counsel sought to obtain these documents.

Furthermore, at the hearing on Roberts' motion for new trial, his trial counsel testified that some of the DFCS records had been voluntarily produced during discovery, including records of interviews with the victim. Roberts' appellate attorney did not question trial counsel about whether the documents he had seen contained refer-

ences to prior false allegations by the victim. Accordingly, Roberts has not carried his burden of showing that counsel's failure to subpoena such documents resulted in his being deprived of any relevant information or changed the outcome of the trial.

2. Roberts also contends that his trial counsel was ineffective because he failed to properly investigate and present evidence of prior inconsistent statements by the victim.

(a) Roberts claims that the victim made inconsistent statements during a medical examination at Scottish Rite Hospital, and that trial counsel was deficient in failing to subpoena the Scottish Rite records. This contention is without merit. First, nowhere in his appellate brief does Roberts specify what inconsistent statements he is referring to. He merely asserts conclusorily that the Scottish Rite records show that the victim made inconsistent statements. It is not this Court's responsibility to comb through the medical records in an attempt to guess which statements Roberts is referring to and then compare such statements to the victim's entire trial testimony to see if there is any inconsistency. See *Melton v. State*, 222 Ga. App. 555, 559 (6) (474 SE2d 640) (1996) (" 'it is not the function of this court to cull the record on behalf of a party in search of instances of error' ").

Furthermore, the transcript of the hearing on the motion for new trial reveals that Roberts' appellate attorney abandoned these grounds at the conclusion of the hearing. The attorney indicated that, with respect to the Scottish Rite documents, he was limiting his claim of ineffective assistance to trial counsel's failure to have such documents placed into the record and to his failure to introduce evidence that such documents showed no physical injury to the victim. He abandoned any argument that such documents would have revealed inconsistent statements, which is the only ground asserted on appeal.

Finally, the trial transcript reveals that trial counsel did in fact examine the Scottish Rite records and attempted to question the victim regarding certain statements therein. In a proffer made outside the presence of the jury, counsel questioned the victim about a statement she purportedly made at Scottish Rite that her brother had also molested her a couple of times. In questioning the victim about such statement, counsel quoted from the Scottish Rite medical records. The trial court ruled that such testimony was inadmissible. As it is apparent that trial counsel reviewed the Scottish Rite records and attempted to question the victim regarding them, Roberts has not shown how his failure to subpoena the records constitutes deficient performance.

(b) Roberts also contends that the DFCS investigatory records may have contained inconsistent statements by the victim, and that trial counsel was thus deficient in failing to subpoena such records.

However, as discussed above, trial counsel testified that DFCS records of interviews with the victim were voluntarily produced and reviewed by him. Appellate counsel did not question trial counsel about whether such documents contained inconsistent statements by the victim. Therefore, Roberts has not shown that the failure to subpoena the documents resulted in any harm or changed the outcome of the trial. Moreover, as discussed above, the DFCS records were confidential and not subject to subpoena by the defendant, and it appears that the trial court would not have subpoenaed such documents if requested. Accordingly, this contention is without merit.

3. Roberts contends that his trial counsel was deficient by failing to contradict the State's expert testimony regarding Roberts' failure of a stipulated polygraph test. In particular, he contends that counsel should have consulted and presented testimony from an expert in opposition to the State's expert.

At the hearing on the motion for a new trial, Roberts' trial counsel indicated that his strategy with respect to the polygraph results was to attack the credibility and partiality of the examiner and to show that polygraph results are not infallible but merely represent the interpretation of the examiner. He indicated that in his experience it was ineffective to present opposing expert testimony regarding a polygraph. He also testified that it was his strategy to present several character witnesses to show that Roberts was not likely to have committed the offenses charged.

The trial transcript reveals that counsel conducted an extensive cross-examination of the polygraph examiner. He was able to elicit an admission that, after the test was completed, the examiner called Roberts a "low-down, stinking, conniving, good-for-nothing scum." The examiner also admitted that he had talked with the investigator about the case and read the incident report before the examination. The examiner admitted that polygraphs merely measure physical reactions which must be interpreted by the examiner. He testified that he asked ten questions — four relevant questions, four irrelevant questions, and two control questions. He admitted that his conclusion that Roberts lied on the four relevant questions was based on his assumption that he had lied on the two control questions, although the polygraph test did not actually determine whether the responses to the control questions were truthful. Counsel also questioned the examiner about alternative methods of conducting a polygraph test that were not used in this case.

"Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made

by trial counsel does not require a finding that defendant's original representation was inadequate." (Punctuation omitted.) *Cauley v. State*, supra at 301 (2). Under the above facts, we cannot say that trial counsel's decision to avoid a battle of the experts and rely upon cross-examination of the State's expert was "so patently unreasonable that no competent attorney would have chosen [such strategy]. . . . The trial court's findings [that Roberts was not denied effective assistance of counsel] are not clearly erroneous and therefore must be upheld." *Howard*, supra at 271 (4) (tactical decision not to engage expert to contradict State's expert held not deficient).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 6, 1997 —
RECONSIDERATION DENIED DECEMBER 10, 1997 — 

*Word & Mitchell, Gerald P. Word, Maryellen S. Mitchell*, for appellant.

*James R. Osborne, District Attorney, David B. Fife, Assistant District Attorney*, for appellee.