## 65897. JACKSON v. THE STATE.

POPE, Judge.

Leon Dexter Jackson was indicted for assault with intent to rape; he was found guilty but mentally ill at the time of the crime. See OCGA § 17-7-131(b)(4) (formerly Code Ann. § 27-1503(b)(4)). He brings this appeal and enumerates as error the denial of his motion for directed verdict of acquittal and the sufficiency of the evidence to support the verdict.

The evidence, construed in a light most favorable to upholding the verdict, showed that defendant Jackson was a paranoid schizophrenic with borderline mental retardation at the time of the crime. He either pulled or enticed the nine-year-old victim into some bushes, put his arm around her waist and asked, "Do you want some puss?" Before he could proceed further, the victim broke away and ran. A supervisor at the mental health center where defendant was working at the time of the crime testified that, when asked a few days later what he had intended to do with the victim, defendant responded, "I was going to screw her." A social worker who examined defendant testified that, although defendant suffered from mental illness, he knew the difference between right and wrong at the time of the crime.

We conclude that any rational trier of fact could have found from the evidence presented at trial that defendant was guilty of the crime charged beyond a reasonable doubt, albeit mentally ill at the time of the crime. See *DuPree v. State,* 163 Ga. App. 502 (295 SE2d 332) (1982). Cf. *Smith v. State,* 245 Ga. 44 (1) (262 SE2d 806) (1980). Since the evidence supported the verdict, it was not error to deny defendant's motion for directed verdict of acquittal. See generally *Bernard v. State,* 163 Ga. App. 570 (2) (295 SE2d 546) (1982).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MAY 3, 1983.

*Michael S. Bennett,* for appellant.

*H. Lamar Cole, District Attorney, Fred R. Simpson, Assistant District Attorney,* for appellee.