43546. STEVENS v. THE STATE.
(350 SE2d 21)

HUNT, Justice.

Before a judge sitting without a jury, Gregory Rupert Stevens was tried for the murder of his wife, was found guilty but mentally ill, and was sentenced to life in prison.[1]

The morning of October 20, 1985, the defendant and his wife left their home in Ohio to drive to Florida to visit the wife's parents. They ran out of gas in Georgia in the late afternoon on Interstate 75 and remained in their car parked off the interstate for over 24 hours during which time the defendant beat or strangled his wife to death.

In the late afternoon of October 21, the defendant walked to a nearby business, stated that he needed gas, and wanted to buy it from born-again Christians. He talked about religion and said he had left his wife in the car where angels guarded her. He left the business walking in the opposite direction from the gas stations which had been pointed out to him. That night a restaurant owner called the

---

[1] The murder occurred on October 20 or 21, 1985, and the defendant was convicted on January 23, 1986. His motion for new trial was filed on February 24, 1986, and the transcript was filed April 15, 1986. The motion for new trial was heard and overruled on April 10, 1986. Notice of appeal was filed in the trial court on May 5, 1986, and the record was docketed in this court on May 23, 1986. After briefs were filed, the case was argued on September 9, 1986.

police after observing the defendant in the restaurant parking lot, staring into space for several hours. The defendant told the police that his wife was possessed by satan, that he had beaten satan out of her, and that she would arise the next day at noon, rid of the devil. He stated that his wife was cold and that he had covered her before he left to get gasoline. The officers found defendant's wife in defendant's car, dead, badly beaten, and covered with a housecoat and sweater. A notebook found in her purse listed the name of defendant's psychiatrist, his medications, and the times they were taken. The last entry of medication taken was on October 20 at 6:30 p.m. The officers observed heavy bruises on the defendant's hands and arms. Later that evening the defendant spoke to detectives willingly and at length, stating that he had beaten demons out of his wife's body with his hands and fists, that she was asleep in the car, and would rise the next day.

Stevens' defense at trial was insanity. He had undergone periodic psychiatric treatment for over 20 years prior to the homicide. Following his initial detention, he was sent for court-ordered evaluation and treatment to Central State Hospital where he stayed for 2-½ months. A forensic psychiatrist from that hospital testified at trial that the defendant was a manic depressive, suffered from a delusional compulsion, and could not distinguish right from wrong at the time of the murder. A social worker from the hospital testified that the defendant was one of the sickest patients the hospital had had in a long time.

The defendant contends that the trial court, sitting as trier of fact, erred in finding that the defendant failed to prove that he was insane at the time of the homicide within the meaning of OCGA § 16-3-2 (not guilty because of failure to distinguish between right and wrong) and OCGA § 16-3-3 (not guilty because of delusional compulsion). He relies upon his mental history, the opinion of the expert forensic psychiatrist, and the observations of lay witnesses. The state also relies upon the testimony of the forensic psychiatrist and the contemporaneous facts.

The defendant acknowledges that he had the burden of proving insanity by a preponderance of the evidence. See *Keener v. State*, 254 Ga. 699, 701 (1) (334 SE2d 175) (1985).

"Georgia law presumes the sanity of an accused, but this presumption may be rebutted. OCGA § 16-2-3; *Butler v. State*, 252 Ga. 135 (311 SE2d 473) (1984); *Durham v. State*, 239 Ga. 697 (238 SE2d 334) (1977). . . . '(B)ecause jurors are not bound by the opinions on sanity of either lay or expert witnesses, the jury may reject defense testimony on insanity even if uncontradicted; the presumption of sanity does not disappear upon the introduction of evidence to the contrary and may be relied upon by the jury even after the introduction of evidence of insanity.' [Cit.]" *Murray v. State*, 253 Ga. 90, 91-92

(317 SE2d 193) (1984).

However, in *Brown v. State*, 250 Ga. 66 (295 SE2d 727) (1982), we held that when the proof of insanity is overwhelming, juries may no longer rely solely on the presumption of sanity and concluded that "an appropriate standard of appellate review of the sufficiency of the evidence with regard to a jury's finding of sanity in a criminal case is whether after reviewing the evidence in the light most favorable to the state, a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that he was insane at the time of the crime." Id. at 71-72. *Harris v. State*, 256 Ga. 348 (349 SE2d 172) (1986); *Keener*, supra at 701.

We believe that the trier of fact in this case was obligated to find that the defendant carried his burden to prove that because of mental illness he was suffering from a delusional compulsion which overmastered his will to resist committing the crime. OCGA § 16-3-3. To support a finding that a defendant is not guilty of a criminal act under OCGA § 16-3-3, it must appear: (1) that the defendant was laboring under a delusion; (2) that the criminal act was connected with the delusion under which the defendant was laboring; and (3) that the delusion was as to a fact which, if true, would have justified the act. *Brown v. State*, 228 Ga. 215, 217 (184 SE2d 655) (1971). The evidence was unrebutted, and the trial court found, that the defendant had no motive to kill his wife, and was suffering from a number of delusions at the time of the crime, including the delusions that his wife was satan and that she would rise from the dead. Based on these findings, the trial court found that the defendant met the first two criteria required for a successful defense under OCGA § 16-3-3. However, we disagree with the trial court's further finding that the defendant did not meet the third criterion of justification. The evidence was overwhelming that at the time the defendant killed his wife he was operating under the delusion that she was possessed by satan and that he, the defendant, was defending himself against satan's physical attacks and attempts to trap and destroy him, as well as putting an end to the evil and destruction in the world caused by satan. This evidence demanded a finding that the defendant met the justification criterion for a defense of delusional compulsion. See *Brown v. State*, supra at 218-219 (2).

In arguing that the defendant did not meet his burden of proof, the state points to actions taken by the defendant after the murder, including wiping blood from the windows and placing his blood-covered shirt and tee-shirt in the rear of the car, as well as asking about the death penalty in Georgia. These facts might be relevant to the defendant's argument under OCGA § 16-3-2 that at the time of the crime he lacked the capacity to distinguish between right and wrong and, indeed, the trial court held, based on these facts, that the de-

fendant had not carried his burden of proof under OCGA § 16-3-2. However, the trial court further found that the defendant was operating under a number of delusions at the time of the homicide, and the facts asserted by the state do not detract from the overwhelming evidence in support of the defendant's defense under OCGA § 16-3-3, that at the time of the homicide he was acting under a delusional compulsion which overmastered his will to resist committing the crime. In reaching our decision we have considered all the evidence in light of our standard of appellate review established in *Brown v. State*, 250 Ga., supra at 71 (295 SE2d 727) (1982).

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 18, 1986.

*Brown & Milam, Rickie L. Brown*, for appellant.

*Jack O. Partain III, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General*, for appellee.