## 44165. CALDWELL v. THE STATE.
### (354 SE2d 124)

HUNT, Justice.

Glenda Sue Caldwell was tried for the murder of her son and the aggravated assault of her daughter, was found guilty but mentally ill, and was sentenced to life in prison on the murder charge and ten years to serve concurrently on the aggravated assault charge.[1] She appeals, raising as error the sufficiency of the evidence and the constitutionality of the Georgia statutes regarding verdicts of not guilty by reason of insanity and guilty but mentally ill.

The evening of July 7, 1985, the defendant shot and killed her son when he returned home from work and then unsuccessfully attempted to shoot her daughter, using two guns which failed to go off when she pulled the trigger. Prior to the shooting, the defendant had instructed her son only to use the front door when returning home late at night, had bolted all the doors closed, and had cleaned the house thoroughly, disposing of certain books containing accounts of well-publicized murders. When she failed in her attempt to shoot her daughter, the defendant told her "I've killed [her son]. I'll just kill myself. You've got to let me do this or I'll go to jail." The defendant told a police officer who arrived at the residence shortly after the shooting that she was going through a divorce and had planned to kill her children and then herself.

Her defense at trial was insanity brought about by her fear of contracting Huntington Chorea disease, an heredity degenerative disease, and by the stress of her separation from her husband who had recently moved out of the house. Her contention was not supported by the evidence. A psychiatrist who testified for the defendant stated that she was under stress and exhibited a borderline personality, but was not psychotic. The state's psychologist stated his opinion that at

---

[1] The murder and assault occurred on July 7, 1985. The defendant was indicted on November 14, 1985 and convicted on June 4, 1986. The transcript was certified on July 18, 1986. Notice of appeal was filed in the trial court on July 18, 1986, and the record was docketed in this court on January 9, 1987. The case was submitted for decision without argument on January 23, 1987.

the time of the shooting the defendant was not suffering from a delusional compulsion and that she could distinguish right from wrong. He further opined that the defendant's actions toward her children were an attempt to hurt her husband. This view was supported by the testimony of the defendant's daughter who also stated that the defendant appeared sane at the time of the shooting.

1. In reviewing a verdict of guilty but mentally ill in a case where the defense is not guilty by reason of insanity, this court determines whether, construing the evidence in favor of the verdict, a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that he was insane at the time of the crime. *Keener v. State*, 254 Ga. 699, 701 (1) (334 SE2d 175) (1985). The only two situations authorizing a verdict of not guilty by reason of insanity are where the defendant does not have the ability to distinguish between right and wrong at the time of the crime, OCGA § 16-3-2, and where at the time of the crime the defendant acted under a delusional compulsion which overmastered his will to resist committing the crime, OCGA § 16-3-3. We conclude that under the foregoing evidence, a rational trier of fact could have found that the defendant did not show by a preponderance of the evidence that she was legally insane at the time of the crimes. See *Eason v. State*, 256 Ga. 701 (353 SE2d 188) (1987); *Keener*, supra, 254 Ga. at 702. The evidence also meets the standard of *Jackson v. Virginia*, 433 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant's contention that OCGA § 17-7-131 (guilty but mentally ill) is unconstitutionally vague has been decided adversely to her in *Worthy v. State*, 253 Ga. 661, 666 (6) (324 SE2d 431) (1985) and *Keener v. State*, supra at 702 (2). We also find no merit in the defendant's argument that she was deprived of a fair trial because her condition does not fit within the definitions of OCGA §§ 16-3-2 and 16-3-3, and she was thus denied an insanity defense. There is no infirmity with the legislature's limitation of the defense of not guilty by reason of insanity to the two situations set forth in OCGA §§ 16-3-2 and 16-3-3. Further, the trial court properly charged the jury regarding those statutes as well as OCGA § 17-7-131, and specifically charged the jury that they could not find the defendant guilty if they found that, at the time of the crimes, her mind was "so impaired due to an infliction of the mind as to render [her] incapable of forming an intent to do the act charged, or to understand that a certain consequence would likely result from it." In all respects, the defendant's right to a fair trial and to an insanity defense were preserved by the trial court.

*Judgment affirmed. All the Justices concur.*

12

DECIDED APRIL 8, 1987.

*James W. Bradley,* for appellant.
*Robert E. Keller, District Attorney, David C. Marshall, Albert B. Collier, Assistant District Attorneys, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.