44369. SALTER v. THE STATE.
(356 SE2d 196)

MARSHALL, Chief Justice.

Jesse Pope Salter was found by a jury to be guilty but mentally ill of the murder of Alan Gross. The court sentenced Salter to life imprisonment.

In 1963, Salter was committed to a state psychiatric hospital with a diagnosis of paranoid-schizophrenic reaction with prognosis poor. His continuing obsession with the delusion of his wife's infidelity abated whenever he was taking prescribed medication, but he had stopped taking it. On the morning of July 24, 1986, as his across-the-street neighbor of 14 years was walking across his own yard to complete a painting job on an adjacent house, Salter got his shotgun from his automobile, walked to the end of his yard, and admittedly shot and killed the neighbor, who was the subject of Salter's latest delusion as to his wife of 30 years. He raises three issues on appeal. We

affirm.[1]

1. Salter contends that he proved — as a matter of law and by a preponderance of the evidence — that he was insane at the time of the homicide within the meaning of OCGA § 16-3-2 (not guilty because of inability to distinguish between right and wrong),[2] his defense having been insanity.

" 'Georgia law presumes the sanity of an accused, but this presumption may be rebutted. OCGA § 16-2-3; *Butler v. State*, 252 Ga. 135 (311 SE2d 473) (1984); *Durham v. State*, 239 Ga. 697 (238 SE2d 334) (1977) . . . . "(B)ecause jurors are not bound by the opinions on sanity of either lay or expert witnesses, the jury may reject defense testimony on insanity even if uncontradicted; the presumption of sanity does not disappear upon the introduction of evidence to the contrary and may be relied upon by the jury even after the introduction of evidence of insanity." (Cit.)' *Murray v. State*, 253 Ga. 90, 91-92 (317 SE2d 193) (1984)." *Stevens v. State*, 256 Ga. 440, supra, p. 441.

Assuming that Salter's previous commitment as "a mentally ill person and in need of hospitalization in a psychiatric hospital" raised a counter presumption to the rebuttable presumption of "sound mind and discretion," *Butler v. State*, 252 Ga. 135, 137 (311 SE2d 473) (1984) and cit., his administrative release from hospitalization under OCGA § 37-3-85 cancelled any previously existing presumption of insanity, leaving a presumption of sanity, which, of course, was rebuttable. *Butler v. State*, supra, p. 137, citing *Gilbert v. State*, 235 Ga. 501, 502 (220 SE2d 262) (1975); *Nelson v. State*, 254 Ga. 611, 613 (1) (331 SE2d 554) (1985).

The evidence authorized the finding that Salter knew right from wrong, but erroneously believed his actions to have been justified by his delusion of his wife's infidelity. The evidence of his psychosis and mental illness does not meet the test of insanity which would require a verdict of not guilty by reason of insanity. *Nelson v. State*, supra (1). "We conclude that any rational trier of fact could have found from the evidence adduced at trial, construed in a light most favorable to upholding the verdict, that the appellant was guilty of the [crime] charged beyond a reasonable doubt, albeit mentally ill at

---

[1] The crime was committed on July 24, 1986. The jury returned its verdict of guilty but mentally ill on November 14, 1986. Notice of appeal was filed on November 19, 1986. The transcript of evidence was filed on January 27, 1987, and the record was docketed in this Court on February 18, 1987. After briefs were filed, the case was argued on April 20, 1987.

[2] There can be no reliance on OCGA § 16-3-3 (not guilty because of delusional compulsion) in this case, because of the absence of the essential element of proof thereunder "that the delusion was as to a fact which, if true, would have justified the act." *Stevens v. State*, 256 Ga. 440, 442 (350 SE2d 21) (1986), citing *Brown v. State*, 228 Ga. 215, 217 (184 SE2d 655) (1971); *Burger v. State*, 238 Ga. 171 (1) (231 SE2d 769) (1977); *Graham v. State*, 236 Ga. 378 (1) (223 SE2d 803) (1976); *Chancellor v. State*, 165 Ga. App. 365 (1) (301 SE2d 294) (1983).

the time of the [crime]. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jackson v. State*, 166 Ga. App. 477 (304 SE2d 560) (1983) and cits." Id. p. 614.

2. Salter next contends that the trial court's charge to the jury did not make it clear that the jury should not consider the possible verdict of guilty but mentally ill until it had found against him on the issue of insanity, as required by *Keener v. State*, 254 Ga. 699, 702 (2) (334 SE2d 175) (1985).

A review of the charge as a whole reveals that a rational juror would have understood that, if they found the appellant either not guilty or not guilty by reason of insanity, they were to cease their deliberations and consider no other verdict. In its charge, the trial court charged the jury on the issue of not guilty by reason of insanity prior to the charge on guilty but mentally ill, and the verdict form as given to the jury also placed the finding of not guilty by reason of insanity before the finding of guilty but mentally ill. From the charge as a whole, the manner in which it was given, and the verdict form, a rational juror would have understood that he could not find the appellant insane and yet still convict him under the guilty-but-mentally-ill verdict.

3. Finally, Salter contends that the guilty-but-mentally-ill statute, OCGA § 17-7-131, is unconstitutional, because it is vague, denies the defendant a fair trial on the issue of insanity, misleads the jury, and improperly punishes a defendant whose acts were the result of mental illness.

"The creation of the category of guilty but mentally ill is not unconstitutional *for any reason of which this defendant may complain. Cooper v. State*, 253 Ga. 736 (5) (325 SE2d 137) (1985). The definition of 'mentally ill' is not unconstitutionally vague. *Worthy v. State*, 253 Ga. 661 (6) (324 SE2d 431) (1985)." (Emphasis supplied.) *Keener v. State*, 254 Ga. 699, supra, 702 (2). Under this statute, the jury gives the defendant a fair trial as to insanity, and if it finds that he is not insane, it can then find him guilty but mentally ill, permitting psychiatric treatment rather than merely imprisonment alone. We find no constitutional error as the law was applied to this defendant.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 6, 1987.

*J. Converse Bright,* for appellant.

*H. Lamar Cole, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.