## A91A0124. ROGERS v. THE STATE.
(405 SE2d 541)

SOGNIER, Chief Judge.

Yul Bernard Rogers was indicted for the offense of aggravated assault and after a bench trial was found guilty but mentally ill. He appeals.

Appellant contends the trial court erred by finding that appellant failed to prove by a preponderance of the evidence that he was insane at the time the offense was committed. The transcript does not support appellant's contention that he was unable to distinguish right from wrong so as to assert the defense of OCGA § 16-3-2, as the expert witnesses called by both the State and appellant testified that appellant's schizophrenia did not prevent him from understanding the difference between right and wrong at the time of the assault. Although evidence was adduced that appellant may have had the delusional compulsion that his neighbors (including the victim) were hunting him, "[t]o support a finding that a defendant is not guilty of a criminal act under OCGA § 16-3-3 [the delusional compulsion de-

fense statute], it must appear: (1) that the defendant was laboring under a delusion; (2) that the criminal act was connected with the delusion under which the defendant was laboring; and (3) that the delusion was as to a fact which, if true, would have justified the act. [Cit.]" *Stevens v. State*, 256 Ga. 440, 442 (350 SE2d 21) (1986). The evidence adduced at trial established that appellant was alone at his mother's home when the victim came there to speak with the mother. Appellant invited the victim inside on the pretext that his mother was at home and would appear shortly. After engaging in 15 minutes of small talk with appellant, the victim announced she was leaving and would return later. As she walked to the door appellant grabbed her hair from behind and stabbed her in the head with a butcher knife as she fell backwards to the floor. The victim managed to break the blade of the knife and struggled with appellant for 20 minutes, during which appellant made repeated comments to the effect that he wanted to have sex with the victim. The victim managed to stop the assault by persuading appellant that if he would accompany her to her home, she "could really take care of him" there. Appellant agreed and released the victim who, arriving at her home before appellant, retrieved a gun and threatened appellant with the weapon, prompting his retreat.

The evidence at trial established that even if appellant had a delusion that he was being hunted by the victim and his neighbors, that delusion would not have justified the sexual nature of appellant's assault on the victim, as we agree with the State that "[a] person who fears he is being hunted does not demand that the hunter have sex with him." Applying the standard for appellate review of the sufficiency of the evidence with regard to the factfinder's finding of sanity in a criminal case as set forth in *Brown v. State*, 250 Ga. 66, 71-72 (2) (c) (295 SE2d 727) (1982), we find that after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found that appellant failed to prove by a preponderance of the evidence that he was insane at the time of the crime. Accordingly, we find no error in the trial court's judgment of guilty but mentally ill.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 11, 1991.

*Wm. Edward Nethery*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, James W. Richter, Assistant District Attorneys*, for appellee.