A96A0893. APPLING v. THE STATE.
(474 SE2d 237)

Judge Harold R. Banke.

A jury found Robert Earl Appling guilty but mentally ill of aggravated assault and aggravated assault on a police officer. He enumerates four errors on appeal.

The State's evidence shows that in the wake of a number of unexpected deaths among Appling's friends and acquaintances, bankruptcy, and a divorce, Appling developed a paranoid conviction that members of a motorcycle gang were pursuing him. On the day of the offenses, Appling became suspicious that his girl friend and dog had been poisoned by a yellow substance in his car. After arriving home, his suspicions escalated when he purportedly observed the same three cars circling his neighborhood, and he armed himself. Appling then noticed a flashing red light under the slightly opened hood of his girl friend's car. Convinced the light was a bomb, Appling hid in a nearby wooded area while his girl friend called the police.* He emerged when the fire department arrived, but upon remembering that his girl friend had said she was calling the bomb squad and observing the firemen's nonchalant attitude, his suspicions grew.

---

\* The light was generated by the car's antitheft device.

Appling then threw the car keys to the firemen and ran. Certain he was being pursued, Appling aimed his gun at a neighbor who happened to drive by, and then ran into the woods where he hid and fired intermittently when he felt threatened. One of these shots hit within 20 to 30 feet of an officer who was investigating the neighbor's complaint that Appling had aimed the gun at him. After several hours, Appling approached the police, was arrested, and subsequently hospitalized at a mental health center. *Held*:

1. We reject Appling's contention that the court's policy of permitting college students to defer their service as jurors until summer violated his Sixth Amendment rights. Appling claims his jury was not a fair cross-section of the community due to the large number of college students in the jury pool. However, the record shows that he failed to preserve the error for appeal by raising this objection when the array was seated and before commencement of voir dire. OCGA § 15-12-162; *Anthony v. State*, 213 Ga. App. 303, 304 (1) (444 SE2d 393) (1994). Nor did Appling avail himself of the court's offer to present argument before the panel was seated. *Anthony*, 213 Ga. App. at 304 (challenges to the array must be raised at the earliest opportunity).

2. The trial court did not err in denying Appling's motions for mistrial asserted during closing argument. In his first motion, Appling argued that the evidence did not support the State's assertion that its expert's findings were the same as those made by Appling's expert, Dr. Karjala, who had not testified. Appling declined the court's offer of additional time to argue that point, requesting instead that the State clarify that its expert had simply testified that nothing in Dr. Karjala's letter was inconsistent with his findings. Because Appling's proposed solution to the problem was accepted and he failed to renew his motion, the issue is not preserved for review. *Swint v. State*, 173 Ga. App. 762, 763 (3) (328 SE2d 373) (1985).

Appling asserted his second motion for mistrial after the State argued that Appling admitted to its expert that he had an alcohol and drug abuse problem and indicated that he continued to drink, although not necessarily to excess at the time of the offense. The record supports this statement. The State's expert testified that Appling admitted to previous drug and alcohol problems and was discharged from the mental health facility with a diagnosis of substance induced psychotic disorder. He also testified that intoxicants generally worsened the paranoid tendencies Appling exhibited. Appling failed to object to this evidence. Moreover, Appling admitted having an alcoholic beverage during the evening before the offenses occurred. Because the record supported the State's argument, the motion for mistrial was properly denied. See *Bell v. State*, 263 Ga. 776, 777-778 (439 SE2d 480) (1994).

3. The evidence was sufficient to support Appling's conviction because he failed to satisfy his burden of showing that a delusional compulsion overmastered his will to resist committing the crime. "In reviewing a verdict of guilty but mentally ill in a case where the defense is not guilty by reason of insanity, this court determines whether, construing the evidence in favor of the verdict, a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that he was insane at the time of the crime. [Cit.]" *Caldwell v. State*, 257 Ga. 10, 11 (1) (354 SE2d 124) (1987). A finding of insanity based upon OCGA § 16-3-3 requires proof that (1) the accused acted under a delusional compulsion; (2) the criminal act was connected with the delusion; and (3) the delusion related to a fact which, if true, would have justified the act. *Stevens v. State*, 256 Ga. 440, 442 (350 SE2d 21) (1986). Georgia law presumes the sanity of an accused and we will not reverse a jury's determination of such where the evidence of insanity is disputed and not overwhelming. Id. at 442; *Brown v. State*, 250 Ga. 66, 71 (295 SE2d 727) (1982).

In this case, the evidence is not undisputed and so overwhelming as to require reversal of the jury's decision. See, e.g., *Eason v. State*, 256 Ga. 701 (353 SE2d 188) (1987). The State's expert described Appling as alert, well-oriented, calm, stable, and a very good conversationalist with no signs or history of treatable mental illness. Compare *Stevens*, 256 Ga. at 441. The expert also testified that Appling had never indicated that he believed the gang members from whom he was fleeing were armed and so close as to threaten him with imminent bodily harm. See OCGA § 16-3-21 (a). Under this evidence, a rational trier of fact could find that Appling's delusion, even if true, would not justify his decision to aim his gun at his neighbor or fire in the direction of the police officer. *Stevens*, 256 Ga. at 442.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JULY 15, 1996 — ▇▇▇▇▇▇▇▇

*W. Michael Maloof*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Benjamin M. First, Assistant District Attorneys*, for appellee.