A96A2124. DUTTON v. THE STATE.
(483 SE2d 305)

SMITH, Judge.

This appeal presents a single issue: the proper application of the delusional compulsion defense. OCGA § 16-3-3 provides: "[a] person shall not be found guilty of a crime when, at the time of the act, . . . the person, because of mental disease, injury, or congenital deficiency, acted as he did because of a delusional compulsion as to such act which overmastered his will to resist committing the crime." Three elements comprise the defense: "(1) that the defendant was laboring under a delusion; (2) that the criminal act was connected with the delusion under which the defendant was laboring; and (3) that the delusion was as to a fact which, if true, would have justified the act. [Cit.]" *Stevens v. State*, 256 Ga. 440, 442 (350 SE2d 21) (1986). Appellant Andrew Wise Dutton contends the trial court improperly applied the third element of the defense. We disagree and affirm.

On September 18, 1995, Dutton went to the home of the victim, his neighbor, confronted him, and struck him in the face. He returned later the same evening to confront the victim again, but fled when the police arrived. Released on bond, Dutton returned approximately three months later with a butcher knife and tried to break into the victim's home. By the time the victim and his wife forced Dutton away, he had broken a window and was reaching through the opening, trying to grasp the door knob to open the door.

These incidents led to charges of simple battery, OCGA § 16-5-23 (a) (2); misdemeanor obstruction of an officer, OCGA § 16-10-24 (a); burglary, OCGA § 16-7-1 (a); aggravated assault with a deadly weapon, OCGA § 16-5-21 (a) (2); criminal trespass, OCGA § 16-7-21

(b) (1); and criminal damage to property in the second degree, OCGA § 16-7-23 (a) (1). Dutton waived his rights to grand jury presentment, arraignment, and jury trial. He admitted all factual allegations and entered pleas of not guilty by reason of insanity pursuant to OCGA § 16-3-3, the delusional compulsion defense. At a bench trial, the trial court heard evidence on Dutton's insanity defense.

Dutton's sole witness, a forensic psychologist, testified that Dutton had a history of mental illness. Dutton had received varying diagnoses at several mental health facilities, but his symptoms consistently included auditory and visual hallucinations and delusional thinking. Before the incidents, according to the psychologist, Dutton began to hear what he believed to be the voice of the victim. As he described it, the voice was very intrusive and was threatening to kill him. The psychologist opined that Dutton confronted the victim because he was in fear, felt threatened, and felt "confused" and "out of control." He testified that in his opinion Dutton was able to distinguish between right and wrong.[1] He concluded, however, that the delusion was so powerful that it overmastered Dutton's will to resist committing the crimes. The psychologist declined to offer an opinion on whether Dutton's delusion was as to a fact which, if true, would justify the criminal act: "I defer that to the wisdom of the court. . . . I do not get into that area."

Dutton was found guilty but mentally ill on all counts. In its judgment, the trial court concluded that insufficient evidence was presented to satisfy the justification criterion of the delusional compulsion defense, although the other two elements were met. In applying the third element of this test to Dutton's defense, the trial court stated that it was "guided by the law of justification as set forth in OCGA § 16-3-21."

In Dutton's sole enumeration of error, he contends that the trial court erred in considering OCGA § 16-3-21, the self-defense statute, in evaluating the justification criterion of the delusional compulsion defense. He also contends that such a construction of the justification criterion impermissibly imposes upon the defendant a standard of "reasonable" conduct. We disagree.

OCGA § 16-3-21 provides, in pertinent part: "(a) A person is justified in . . . using force against another when and to the extent that he reasonably believes that such . . . force is necessary to defend himself . . . against such other's imminent use of unlawful force. . . . (b) A person is not justified in using force under the circumstances specified in subsection (a) of this Code section if he: . . .

---

[1] This conclusion foreclosed a plea of insanity on the basis of inability to distinguish between right and wrong. OCGA § 16-3-2. Compare *Salter v. State*, 257 Ga. 88, 89 (356 SE2d 196) (1987).

(3) [w]as the aggressor." The trial court found that the facts did not establish the imminent use of unlawful force by the victim, as required by OCGA § 16-3-21 (a). The trial court further found that Dutton was the aggressor and that his acts were not justified by his delusion. As a result, the trial court concluded that Dutton failed to establish by a preponderance of the evidence that he was suffering from a delusional compulsion at the time of the crimes. See *Appling v. State*, 222 Ga. App. 327, 329 (3) (474 SE2d 237) (1996).

1. Dutton's first assertion is that the trial court erred in considering the "imminent use of unlawful force" requirement of OCGA § 16-3-21 (a) and the defendant-as-aggressor exception of OCGA § 16-3-21 (b) (3) in determining justification, because OCGA § 16-3-3 does not explicitly incorporate either statute. He relies upon *Stevens v. State*, supra, noting that in finding that the defendant's acts were justified, the *Stevens* court made no mention of the imminent use of force requirement or the defendant-as-aggressor exception.[2]

The weight of authority, however, supports the trial court's construction of the justification criterion. It is an established practice in Georgia courts to construe the justification criterion as requiring legal justification for the defendant's acts and to evaluate the evidence in light of the justification statutes. See *Brown v. State*, 228 Ga. 215 (184 SE2d 655) (1971), overruled in part, *Burger v. State*, 238 Ga. 171, 172 (1) (231 SE2d 769) (1977);[3] *Appling v. State*, supra; *Mitchell v. State*, 187 Ga. App. 40, 43 (2) (369 SE2d 487) (1988). The use of the legal justification statutes in this manner can be traced to *Brown*, in which the Supreme Court applied the general justification statute, OCGA § 16-3-20 (formerly Code Ann. § 26-901), to the facts of the defendant's delusion. *Brown*, supra at 219.[4] OCGA § 16-3-20 incorporates by reference numerous statutes, including OCGA § 16-3-21. It was therefore proper for the trial court to use the general law of self-defense and OCGA § 16-3-20 (6) (formerly OCGA § 16-3-20 (b)) to determine whether Dutton had met the justification criterion of the delusional compulsion defense.

2. Dutton also asserts that the trial court's reliance on the self-defense statute imposed upon him an impossible burden to prove

---

[2] This assessment of *Stevens* is not entirely accurate, as it is apparent from the text of the opinion that the Supreme Court considered the imminent use of unlawful force, as perceived by the defendant, in reaching its decision. See 256 Ga. at 442.

[3] *Brown* was decided when the law treated as justifiable homicide a killing done by a husband or wife to prevent an adulterous act. See *Brown*, 228 Ga. at 218-219; *Richardson v. State of Ga.*, 70 Ga. 825, 830 (2) (1883). This is no longer the law in Georgia. See *Bennett v. State*, 262 Ga. 149, 152, n. 2 (414 SE2d 218) (1992).

[4] Although *Brown* later was overruled in part, the Supreme Court's continuing reliance upon it as the leading authority on the justification criterion indicates that its reasoning and principles remain sound. See *Stevens*, 256 Ga. at 442; *Lawrence v. State*, 265 Ga. 310, 312 (2) (454 SE2d 446) (1995).

that his acts were objectively reasonable. Dutton claims that construction of the justification criterion by reference to the self-defense statute would impose such a standard, because the term "reasonably believes" in the self-defense statute, see OCGA § 16-3-21 (a), has been interpreted as imposing a "reasonable man" standard. At trial, the forensic psychologist testified that while a sane person can avoid an unwanted voice by leaving or telling the speaker to be quiet, those suffering from auditory hallucinations "don't have that choice. It's there with them whether they choose it or not." Relying on this statement, Dutton argues that a person suffering from a delusional compulsion cannot choose how he acts, and thus does not have the choice to act "reasonably," as demanded by OCGA § 16-3-21. Therefore, Dutton claims, imposing a standard of reasonableness on the conduct of a person suffering from a delusional compulsion creates an insurmountable obstacle to a successful defense under OCGA § 16-3-3.[5]

This argument is foreclosed by the Supreme Court of Georgia's decision in *Lawrence*, supra at 312-314 (2). Lawrence challenged the justification criterion in its entirety, contending that it unconstitutionally differentiates between two classes of defendants who are equally "powerless to resist their respective delusional compulsions." Id. The Supreme Court rejected this contention: "Georgia constitutionally could decline to recognize an insanity defense based on any type of irresistible impulse. *Leland v. Oregon*, 343 U. S. 790, 800-801 (72 SC 1002, 96 LE 1302) (1952). Accordingly, we conclude that among the group of similarly situated individuals, namely, mentally ill defendants who are capable of distinguishing between right and wrong, it is not unconstitutional to differentiate between defendants who are compelled to act in a manner 'justified' by their delusions and defendants, like appellant, who act, however compelled, in a manner they are capable of recognizing as wrong. [Cit.]" Id. at 313-314. Dutton's conduct was properly subjected to this standard by the trial court. We conclude that the trial court's construction of the justification criterion was permissible and that the resulting evidentiary burdens and putative standard of conduct are also permissible.

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

---

[5] Contrary to Dutton's contention, the record contains no indication the trial court "engraft[ed] onto OCGA § 16-3-3 the reasonable man requirements of a justification defense gleaned from OCGA § 16-3-21." Dutton fails to point to any part of the record supporting this contention, and the judgment contains no reference to a "reasonable man" standard or any suggestion that the court applied such a standard.

DECIDED FEBRUARY 14, 1997 —
RECONSIDERATION DENIED MARCH 4, 1997 —

*Davidson & Strain, John M. Strain, Rebecca C. Terry*, for appellant.

*James R. Osborne, District Attorney, David B. Fife, Assistant District Attorney*, for appellee.