## A98A0985. VANVOORHIS v. THE STATE.
(507 SE2d 555)

POPE, Presiding Judge.

Tiffany VanVoorhis was charged with aggravated assault for stabbing her mother with a knife. The case was tried before a judge sitting without a jury. At the bench trial VanVoorhis raised the defense that, under OCGA § 16-3-3, she should be found not guilty because she stabbed her mother due to a delusional compulsion. The judge rejected VanVoorhis' delusional compulsion defense and found her guilty of aggravated assault but mentally ill. VanVoorhis appeals, arguing that the verdict is not supported by sufficient evidence. VanVoorhis' argument is without merit.

"In reviewing a verdict of guilty but mentally ill in a case where the appellant relies on OCGA § 16-3-3, the appellate court determines whether, construing the evidence in favor of the verdict, a rational trier of fact could have concluded that the appellant failed to show by a preponderance of the evidence that [her] will was overmastered by a delusional compulsion which caused appellant to commit the act or acts that led to indictment, trial and conviction." (Citations and punctuation omitted.) *Martin v. State*, 196 Ga. App. 869, 870 (397 SE2d 301) (1990). Construing the evidence in the instant case in favor of the verdict, we find that a rational trier of fact could have concluded that VanVoorhis failed to show by a preponderance of the evidence that her will was overmastered by a delusional compulsion which caused her to stab her mother.

"A finding of insanity based upon OCGA § 16-3-3 requires proof that (1) the accused acted under a delusional compulsion; (2) the criminal act was connected with the delusion; and (3) the delusion related to a fact which, if true, would have justified the act. [Cit.]" *Appling v. State*, 222 Ga. App. 327, 329 (3) (474 SE2d 237) (1996). In the current case, there is conflicting evidence as to exactly what delusion, if any, VanVoorhis had when she stabbed her mother. A psychiatrist who evaluated VanVoorhis eight months after the assault testified that VanVoorhis told him that at the time of the assault she had believed her mother was going to attack her with a knife. The arresting officer testified, and wrote in his report of the incident, that VanVoorhis told him that her mother's head was not right and that her mother intimidated her. Another officer testified that VanVoorhis never claimed that she had acted in self-defense or had been in immediate harm from her mother, but instead said that if she had continued staying in her mother's house her mother would have killed her and that her mother was using thoughts to scream obscenities at her.

The trial judge was not persuaded by the psychiatrist's testimony regarding what VanVoorhis said about her delusions eight

months after the attack. Instead, the judge accepted the officers' testimony about VanVoorhis' statements made on the day of the incident. Based on the officers' testimony, the judge found that at the time of the assault VanVoorhis had delusions that her mother might eventually kill her and that her mother was shouting obscenities with her mind. "In a bench trial, the judge sits as the trier of fact who determines the credibility of the witnesses and who may accept or reject any part of a witness' testimony, even in the absence of contradictory testimony. . . . Furthermore, because the court in this case sat as the factfinder, we will not set aside its factual findings unless they are clearly erroneous. A trial court's factual findings are not clearly erroneous if there is any evidence to support them." (Citations omitted.) *Bettis v. State of Ga.*, 228 Ga. App. 120, 121 (491 SE2d 155) (1997). Because the factual findings by the court regarding VanVoorhis' delusions are supported by some evidence, they must be upheld.

Based on those findings, the trial court correctly ruled that VanVoorhis failed to prove the justification element of her delusional compulsion defense. See *Dutton v. State*, 225 Ga. App. 67 (483 SE2d 305) (1997). VanVoorhis had no delusion of an immediate physical threat from her mother; rather, she believed that her mother might attack her in the future and that her mother was using thoughts to shout obscenities. Such delusions are not facts that, if true, would justify the knife attack. Compare *Stevens v. State*, 256 Ga. 440, 442 (350 SE2d 21) (1986); see *Appling*, 222 Ga. App. at 329. Accordingly, the trial court did not err in ruling that VanVoorhis failed to prove that a delusional compulsion caused her to attack her mother.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found VanVoorhis guilty of aggravated assault, but mentally ill. See *Lawrence v. State*, 265 Ga. 310, 312 (1) (454 SE2d 446) (1995); *Rogers v. State*, 199 Ga. App. 545, 546 (405 SE2d 541) (1991).

*Judgment affirmed. Beasley and Ruffin, JJ., concur specially.*

BEASLEY, Judge, concurring specially.

I concur with some reluctance, just as the trial judge reached a verdict with reservation. The court found that "the defendant is not relieved from responsibility despite the fact that she's obviously severely mentally ill. So my verdict [sic] is that she's guilty but mentally ill." Such a finding is authorized, if evidentially warranted, by OCGA § 17-7-131 (b) (1) (D) and (2) and (c) (2).[1] The court later explained: "If our law in Georgia were different on the subject of mental illness, then my verdict would have been different." The court

---

[1] *Salter v. State*, 257 Ga. 88, 90 (3) (356 SE2d 196) (1987), describes the application of this category.

accepted as fact that the defendant suffered from paranoid schizo-phrenia, that she had an "obvious and severe mental illness" based on "overwhelming" evidence "that the defendant is severely mentally ill, or in laymen's terms, she is insane."

The court examined the evidence under both OCGA § 16-3-2 (the "right and wrong" test) and § 16-3-3, the defense which relieves a defendant of criminal responsibility for an act when "a delusional compulsion as to such act . . . overmastered [her] will to resist com-mitting the crime." An application of the mental capacity test was rejected, and the focus was on the delusional compulsion defense relied on by VanVoorhis.

The court properly acknowledged the three factors identified by the majority opinion as stated in *Appling v. State*,[2] and considered a fourth relevant factor, that the defendant did not voluntarily and intentionally induce the delusion.[3] Although the judge found three of the factors present as a matter of fact, he was not persuaded that the preponderance of evidence proved that "the delusion was as to a fact which, if true, would have justified the act."[4]

It is very close, particularly in comparison with the evidence in *Stevens v. State*.[5] The court found that VanVoorhis had a delusion "that her mother might eventually or at some time kill her if she con-tinued to live under that roof and she also had the delusion that her mom was shouting obscenities at her with her mind."

In applying the law, the court reasoned that neither delusion would justify the aggravated assault with knives. The judge explained: "The obscenities obviously did not justify the use of deadly force and apparently there was no delusion of any immediate physi-cal threat to her from her mother, and only a delusion that her mother was going to immediately use deadly force would have . . . excused [VanVoorhis'] use of deadly force in [those] circumstances."

Considering the evidence, the court could have found that the delusion of the current shouting of obscenities indicated to defendant that her chronic fear of being killed by her mother was soon to be jus-tified so that a belief arose that it became "necessary to defend [her-self] . . . against [her mother's] imminent use of unlawful force" against her.[6] Imminence could be supplied by combining the two delusions and considering that defendant thought her mother would kill her because she (the daughter) lived there as in fact she did cur-

---

[2] 222 Ga. App. 327, 329 (3) (474 SE2d 237) (1996).

[3] See *Bailey v. State*, 249 Ga. 535, 537 (1) (291 SE2d 704) (1982); *Choice v. State*, 31 Ga. 424 (1860).

[4] *Stevens v. State*, 256 Ga. 440, 442 (350 SE2d 21) (1996).

[5] Id. at 440.

[6] OCGA § 16-3-21 (a) (use of force in defense of self). The trial judge recognized this.

rently live with her in the mobile home. As the psychiatrist testified, "[s]he was in a confused psychotic state and she was having trouble thinking clearly. I think she was acting sort of in self-defense, a preemptive strike, if you will." The testimony of several witnesses who were present just after the attack, as well as the victim, indicated without any contradictory evidence that she was in a psychotic state at the time and she told the officer that her mother would have killed her if she had not attacked first.

We are compelled to affirm the judgment of conviction because there is sufficient evidence to support it, under the standard of *Jackson v. Virginia*.[7] It is factually in line with *Nelson v. State*[8] and *Salter v. State*[9] in that both of those cases involve insanity defenses of defendants who suffered from paranoid schizophrenia with action-prompting delusions. In both of them the defense was asserted and measured under the right-wrong test of OCGA § 16-3-2 alone; delusional compulsion was not offered as a defense. Predictably, both Salter and Nelson lost on the right-wrong test. The application of the delusional compulsion test to the evidence favoring the finding in VanVoorhis' case does not require a different result from the commonly shared ultimate finding of guilty but mentally ill.

In addition, we are compelled to apply the delusional compulsion test recognized as the law in Georgia over 150 years ago[10] as it is currently construed under the 1968 statute[11] via the four-part test despite advances in psychiatry.

In reaching its ultimate finding, the judge was aware of the consequences of finding VanVoorhis not guilty by reason of insanity versus guilty but mentally ill. OCGA § 17-7-131 (d) requires detention by the Department of Human Resources for possible commitment to a mental health facility of persons found not guilty by reason of insanity; whereas OCGA § 17-7-131 (g) authorizes imprisonment of a person found guilty but mentally ill. But the trial court did not take consequences into account in reaching its decision as to guilt or innocence, which would have been error just as it would be if a jury did so. See *Lewis v. State*, 158 Ga. App. 575 (281 SE2d 318) (1981). See *Moore v. State*, 228 Ga. 662, 665 (5) (187 SE2d 277) (1972).

The court did consider probation with mental health treatment

---

[7] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[8] 254 Ga. 611 (1) (331 SE2d 554) (1985).

[9] 257 Ga. 88, 89 (1) (356 SE2d 196) (1987).

[10] *Roberts v. State*, 3 Ga. 310 (1847); *Flanagan v. State*, 103 Ga. 619, hn. 2 (30 SE 550) (1898) (sufficient evidence of delusional compulsion under three-part test. "Will is as necessary an element of intent as are reason and judgment." Id. at 626 (2)). See also *Mars v. State*, 163 Ga. 43, 52-53, 60 (4) (135 SE 410) (1926); *Taylor v. State*, 105 Ga. 746, hn. 1 (31 SE 764) (1898).

[11] Ga. L. 1968, pp. 1249, 1270, § 1.

but rejected it in favor of imprisonment, in express deference to its duty as articulated in the Georgia Bill of Rights.[12] The court stated: "As to what sentence should be imposed, my first duty is to protect the community and the community includes the defendant at the bar who could harm herself or what — in this case — what if she'd stabbed her mother through the heart and the mother was dead? That could happen next time. It could have happened this time and the sentence is twenty years to serve."

Because there was no legal error as defendant enumerates, I concur.

I am authorized to state that Judge Ruffin joins in this special concurrence.

DECIDED OCTOBER 16, 1998.

*Darden & Moyers, Richard M. Darden*, for appellant.
*Spencer Lawton, Jr., District Attorney, Kimberly Rowden, Assistant District Attorney*, for appellee.

---

[12] Ga. Const., Art. I, Sec. I, Par. II: "Protection to person and property is the paramount duty of government and shall be impartial and complete."