## S99A0020. WEBB v. THE STATE.
### (512 SE2d 633)

HUNSTEIN, Justice.

Michael Norman Webb was found guilty but mentally ill of murder and possession of a knife during the commission of a felony.[1] He appeals the denial of his motion for new trial, contending he carried his burden of proving by a preponderance of the evidence that he was not guilty by reason of insanity. We affirm.

1. The evidence at Webb's bench trial established that Webb had a long history of paranoid schizophrenia which had required hospitalization on at least nine occasions. Webb refused to acknowledge his condition or take medication for it. On the day in issue, the victim, Webb's father, became concerned about Webb's mental state and traveled to Webb's home, where the two men spent several hours together. While his father was washing dishes in the kitchen, Webb stabbed him in the back with a knife and then repeatedly stabbed the victim in the chest and stomach, inflicting wounds which caused the victim's death. After the attack, Webb covered the body and cleaned the weapon, initially hiding it in a closet but then taking it and throwing it into a marsh, where police later recovered it. After driving around for several hours, Webb returned to his home and inflicted other injuries on the victim's body. Webb left the home again, saw the police arrive at the scene, but did not approach them or mention the killing to the police officer he encountered while walking around after committing the crimes. Webb was later found by police in the waiting room of Georgia Regional Hospital where he had unsuccessfully sought admittance for psychiatric treatment.

In his statement to the police, Webb claimed he attacked his

---

[1] The crimes occurred on February 24, 1995. Webb was indicted August 30, 1995 in Chatham County. He was found guilty but mentally ill on September 24, 1996 and was sentenced to life imprisonment and five years to be served consecutively on the possession of a knife charge by order filed September 26, 1996. His motion for new trial, filed October 25, 1996, was denied July 9, 1998. A notice of appeal was filed August 6, 1998. The appeal was docketed September 23, 1998 and was orally argued February 8, 1999.

father on the belief that his father was going to attack and kill him, though Webb was unable to articulate why he thought his father was going to attack him at that time and acknowledged that the victim did not threaten him, yell at him or display a weapon. Webb told police that he "couldn't take the constant apprehension" that his father was going to kill him. A psychiatrist and a psychologist who had examined Webb testified that Webb was a paranoid schizophrenic who suffered from delusions which interfered with his ability to distinguish right from wrong and caused him to believe that his father was going to assault and kill him and that his father was a ghoul or vampire with the power to regenerate.

Having reviewed the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found beyond a reasonable doubt that Webb was guilty but mentally ill of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In reviewing a verdict of guilty but mentally ill in a case where the defense is not guilty by reason of insanity, this Court determines whether, construing the evidence in favor of the verdict, a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that he was insane at the time of the crime. *Caldwell v. State*, 257 Ga. 10 (1) (354 SE2d 124) (1987). An individual can establish insanity when he proves by a preponderance of evidence that at the time the criminal act was committed, he suffered from a "delusional compulsion as to such act which overmastered his will to resist committing the crime." OCGA § 16-3-3. A finding of insanity based upon OCGA § 16-3-3 requires proof that (1) the accused acted under a delusional compulsion; (2) the criminal act was connected with the delusion; and (3) the delusion related to a fact which, if true, would have justified the act. *Lawrence v. State*, 265 Ga. 310 (2) (454 SE2d 446) (1995). As to the third requirement, it has long been recognized that "if the delusion is as to a fact which would not excuse the act with which the prisoner is charged, the delusion does not authorize an acquittal of the defendant." *Mars v. State*, 163 Ga. 43, 60 (4) (135 SE 410) (1926).

We find from the evidence adduced at trial that a rational trier of fact could have concluded that a preponderance of the evidence did not show that the killing of Richard Webb occurred as a result of a delusional compulsion that overmastered Webb's will. See *Eason v. State*, 256 Ga. 701 (1) (353 SE2d 188) (1987); *Dutton v. State*, 225 Ga. App. 67 (483 SE2d 305) (1997). Accordingly, the trial court did not abuse its discretion by refusing to grant a new trial. See *Keener v. State*, 254 Ga. 699 (334 SE2d 175) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 22, 1999.

*Barr, Warner, Lloyd & Henifin, John V. Lloyd,* for appellant.

*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.