## A05A0088. ROBINSON v. THE STATE.
### (611 SE2d 759)

MILLER, Judge.

Following a bench trial on a charge of bus hijacking, Jeffrey Donta Robinson was found guilty but mentally ill. See OCGA § 16-12-123. On appeal, Robinson claims the evidence was insufficient to support the verdict because the evidence presented demanded he be found not guilty by reason of insanity. We disagree and affirm.

> [The] standard of appellate review of the sufficiency of the evidence with regard to a [trier of fact's] finding of sanity in a criminal case is whether after reviewing the evidence in the light most favorable to the state, a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that he was insane at the time of the crime.

(Citation omitted.) *Brown v. State*, 250 Ga. 66, 71-72 (2) (c) (295 SE2d 727) (1982).

Robinson's sole defense was that he should be found not guilty by reason of insanity because he acted under a delusional compulsion which overmastered his will to resist committing the crime. OCGA § 16-3-3. Robinson had the burden of proving his insanity by a preponderance of the evidence. *Stevens v. State*, 256 Ga. 440, 441 (350 SE2d 21) (1986). Furthermore, "[a] finding of insanity based upon OCGA § 16-3-3 requires proof that (1) the accused acted under a delusional compulsion; (2) the criminal act was connected with the delusion; and (3) the delusion related to a fact which, if true, would have justified the act." (Citation omitted.) *Appling v. State*, 222 Ga. App. 327, 329 (3) (474 SE2d 237) (1996).

A forensic psychologist who had interviewed Robinson was the only witness to testify at trial. Robinson, Robinson's attorney, and the district attorney agreed to admit the police report and witness statements into evidence with all facts asserted therein deemed proven and true. The parties stipulated that on August 17, 2002, Robinson was a passenger on a Greyhound bus traveling on Interstate 20 in Douglas County. According to the stipulation, Robinson grabbed the steering wheel of the bus without authority or justification and pulled on it in an attempt to cause the bus to veer onto the shoulder of the roadway. The parties further agreed that but for consideration of Robinson's claim that he acted on a delusional compulsion, any rational trier of fact could find Robinson guilty of bus hijacking.

The police report and witness statements show that Robinson was seated behind the bus driver. Robinson told the driver he wanted

to go to the police station because his life was in danger. The driver told Robinson he would stop the bus, but Robinson insisted on going to the police station. According to the police report, and consistent with the driver's statement, Robinson grabbed the wheel when the driver began to pull over and tried to move the bus back into the flow of traffic. Some witnesses, however, described Robinson as trying to force the bus off the interstate. The driver was able to stop the bus on the side of the road, where Robinson left the vehicle.

Shortly after Robinson left the bus, a police officer saw Robinson walking on the interstate. The officer, who had been dispatched to a reported Greyhound bus accident, stopped to ask Robinson if he had been involved in the incident. Robinson told the officer that people on the bus were trying to kill him, and, after additional questioning, Robinson asserted that the bus driver was "in on it as well." The officer then detained Robinson.

At trial, the forensic psychologist testified that Robinson demonstrated the characteristics of an individual suffering from schizophrenia. It was the psychologist's opinion that Robinson was capable of distinguishing right from wrong when the bus hijacking incident occurred, but that Robinson's "behavior was being directed in the service of his paranoid delusions." The psychologist further testified that "[a]t that time in Mr. Robinson's world, people were trying to kill him and he was just taking appropriate action." In the psychologist's opinion, Robinson was acting under a delusional compulsion caused by a mental illness which overmastered his will to resist committing the crime.

Although the psychologist testified that in his opinion Robinson had acted out of a delusional compulsion, the psychologist's testimony on cross-examination showed that Robinson did not tell the psychologist he tried to steer the bus in response to his delusion. To the contrary, the psychologist admitted Robinson's "story at the time I interviewed him was that the bus driver was having some sort of difficulty." The psychologist further admitted that Robinson told him that he feared the individuals on the bus were going to "jump" him. The psychologist testified that "jumping" does not equal "killing," and that he got the word "kill" from notes he received from defense counsel.

Although the evidence shows Robinson suffered from a mental illness, this is insufficient to establish legal insanity under Georgia law. *Rogers v. State*, 195 Ga. App. 446, 447-448 (2) (394 SE2d 116) (1990). The second and third prongs of the test for establishing legal insanity under OCGA § 16-3-3 require that the criminal act be connected to the defendant's delusion and that the delusion relate to a fact which, if true, would justify the act. See *Stevens*, supra, 256 Ga. at 442. Here, however, Robinson told the psychologist that he ended

up steering the bus because the bus driver was experiencing an unspecified difficulty, as opposed to saying that he took over steering the bus because of his fear of being harmed. See *Rodriguez v. State*, 271 Ga. 40, 43 (1) (518 SE2d 131) (1999) (evidence supported finding that shooting was not connected to the defendant's delusions). Furthermore, there was evidence that Robinson's delusion was that people on the bus were *planning* to harm him. Since this delusion did not place Robinson in immediate physical danger, a trier of fact could conclude that, even if Robinson was motivated by his delusion to forcibly exercise control over the bus, the delusion did not justify that behavior. See *VanVoorhis v. State*, 234 Ga. App. 749, 750 (507 SE2d 555) (1998) (defendant's belief that her mother would attack her in the future did not justify knife attack on her mother); *Appling*, supra, 222 Ga. App. at 329 (3) (defendant was under the delusion that he was being pursued by a gang, but the delusion did not place him in danger of imminent bodily harm). Based on the foregoing, we conclude that a rational trier of fact could conclude that Robinson failed to prove his insanity defense by a preponderance of the evidence. Accordingly, Robinson's conviction must be affirmed.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MARCH 9, 2005.

*Mary Erickson*, for appellant.

*David McDade, District Attorney, Christopher R. Johnson, James E. Barker, Assistant District Attorneys*, for appellee.