**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 23, 2013**

# In the Court of Appeals of Georgia

A13A0490. HATFIELD v. THE STATE.

RAY, Judge.

After a jury trial, Wesley Randall Hatfield was convicted of rape (OCGA § 16-6-1) and reckless conduct (OCGA § 16-5-60). In an earlier appeal from that conviction before this Court, Hatfield challenged the trial court's denial of his motion for new trial, claiming that his lawyer failed to perform an adequate investigation into whether Hatfield was suffering a delusional compulsion at the time of the rape,[1] and that, as a result, he was deprived of the effective assistance of counsel. Finding that

---

[1] Under OCGA § 16-3-3, "[a] person shall not be found guilty of a crime, when, at the time of the act, omission, or negligence constituting the crime, the person, because of mental disease, injury, or congenital deficiency, acted as he did because of a delusional compulsion as to such act which overmastered his will to resist committing the crime." Accord *Durrence v. State*, 287 Ga. 213, 215 (1) (a) (695 SE2d 227) (2010).

Hatfield's counsel was deficient, this Court, in an unreported opinion, vacated Hatfield's conviction and remanded the case to the trial court for consideration of whether Hatfield was prejudiced by his counsel's deficient performance. *Hatfield v. State*, __ Ga. App. __ (Case No. A12A0597, decided on July 13, 2012). On remand, the trial court determined, after a hearing, that trial counsel's deficient performance had not prejudiced Hatfield, and entered an order re-instating the original conviction and sentence. Hatfield appeals from that order.

Hatfield's sole enumeration on appeal is that the trial court erred by concluding, upon remand, that he was not prejudiced by trial counsel's failure to investigate adequately the possibility that Hatfield was suffering from a delusional compulsion at the time of his offense.

In order to succeed on his ineffective assistance claim, Hatfield bears the burden of showing that his trial counsel's "deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's error, the outcome of the trial would have been different."(Citation omitted.) *Smith v. State*, 292 Ga. 316, 319 (4) (737 SE2d 677) (2013). See *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). This burden is a heavy one. See

*Kimmelman v. Morrison*, 477 U. S. 365, 382 (II) (C) (106 SCt 2574, 91 LE2d 305) (1986).

In reviewing the trial court's determination that a defendant did not receive effective assistance of counsel, we uphold the court's factual findings unless they are clearly erroneous, and we review the court's legal conclusions do novo. *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

So viewed, the record shows that on remand Hatfield filed a motion for funds for a post-conviction psychiatric evaluation, which the trial court granted. Hatfield then retained the services of Dr. Todd Antin, a Board Certified Forensic Psychiatrist, to evaluate Hatfield's criminal responsibility at the time of the offenses. After examining Hatfield and reviewing previous evaluations, medical reports, and police reports, Dr. Antin concluded that Hatfield currently was competent and that he did "not meet the legal determination of insanity as defined by Georgia law." Antin stated in his report that, at the time of the alleged crimes, Hatfield had "the mental capacity to distinguish between right and wrong in relation to such act and also lacked a delusional compulsion as to such act which could have overmastered his will to resist committing the crime." Dr. Antin stressed that Hatfield had always acknowledged that he had engaged in sexual intercourse with the victim, but argued that it was

consensual, and that "he knew at that time it was wrong for him to engage in sex if she did not want to be a participant and was clear that he was not driven to do this act by any distortion of his thinking or from reality."

Hatfield points to certain statements by Dr. Antin as evidence that had he been evaluated closer in time to the offenses that Dr. Antin might have had a different opinion as to whether he was suffering from delusional compulsion when he committed the offense. Those statements are that Hatfield "appeared somewhat overmedicated and acknowledged that he was taking Depakote, Benadryl, and injections of Haldol decanoate," that Hatfield "continues to manifest serious and significant psychiatric problems that have been present for most of his lifetime . . . [and he] requires a significant amount of psychiatric medication to maintain appropriate social skills, behavior and boundaries."

Hatfield argues that, based on the above statements, "[g]iven the severity and duration of [Hatfield's] mental health diagnoses and symptoms, coupled with the level and number of medications required to 'stabilize' his functioning, there is a possibility that the failure to assess [Hatfield's] criminal responsibility at a time closer to the alleged offenses did, in fact, prejudice his defense." (Emphasis omitted.)

4

However, these statements are speculative at best as to whether Dr. Antin would have reached a different result if he had evaluated Hatfield closer in time to the offense.

Hatfield, as a defendant claiming the insanity defense, bore the burden of proving the defense by a preponderance of the evidence. (Citation omitted.) *Durrence*, supra at 215 (1) (a). This he has not done.

Georgia law is clear that there is a distinction between insanity and mental illness. See id. at 216 (1) (a); *Salter v. State*, 257 Ga. 88, 89 (1) (356 SE2d 196) (1987) (mental illness does not meet the test of legal insanity); *Nelms v. State*, 255 Ga. 473, 475 (2) (340 SE2d 1) (1986) (showing that defendant suffers from schizophrenia and other psychosis does not establish legal insanity); *Brown v. State*, 250 Ga. 66, 71 (2) (b) (295 SE2d 727) (1982) (admission to mental institution will not give rise to presumption of insanity absent adjudication of insanity). In the present case, Hatfield has presented no evidence that he was legally insane or suffering from delusional compulsion at the time his offense or at any other time. Dr. Antin, as the only witness testifying to his mental ability, noted that although Hatfield "was significantly psychiatrically impaired at the time of the alleged offenses, he is clear in his statements to me, and corroborated by the medical record, that he knew

right from wrong and was not suffering from any delusional compulsion that would have forced him to commit an act that he otherwise would not have engaged in." Hatfield presented no other testimony regarding his mental capacity.

Accordingly, Hatfield has failed to show that his trial counsel's deficient performance in failing to investigate whether he was suffering from delusional compulsion at the time of his offense had a reasonable probability of altering the outcome of his trial. "The failure of trial counsel to employ evidence cannot be deemed to be 'prejudicial' in the absence of a showing that such evidence would have been relevant and favorable to the defendant." (Citation and punctuation omitted.) *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

*Judgment affirmed. Barnes, P. J., and Miller, J., concur.*